(118 App. Div. 693)

PEOPLE ex rel. FOGARTY v. CASSIDY, Borough President.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

MANDAMUS—PROCEEDINGS—ALTERNATIVE WRIT—SUFFICIENCY.

Laws 1901, p. 636, c. 466, § 1543, provides that the heads of all departments of New York City shall, except as otherwise provided, have power to remove all employés and subordinates. Laws 1902, p. 805, c. 270, § 21, provides that no person holding a position by appointment or employment, who shall have served the required term in the volunteer fire department of any city, shall be removed except for incompetency or misconduct, shown at a hearing on due notice. An alternative writ of mandamus alleged that relator was regularly appointed as assistant foreman of the bureau of highways, and performed his duties until he received a notice suspending him pending the outcome of charges; that he had never been informed of the nature of the charges, or had any hearing; and the writ set forth a letter from relator's attorney, addressed to the president of the borough, which stated that there was no question but that relator, being a veteran fireman, was entitled to reinstatement. *Held*, that a denial of the peremptory writ was proper, as the alternative writ was deficient in failing to show that relator was within the exception as a veteran fireman.

Appeal from Special Term, New York County.

Proceeding by the people, on the relation of Lawrence Fogarty, for a peremptory writ of mandamus against Joseph Cassidy as president of the borough of Queens. After the trial of issues of fact framed by an alternative writ and return, relator appeals from an order denying his application. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

William J. Walsh, for appellant.

William B. Ellison (William B. Crowell and Theodore Connoly, on the brief), for respondent.

CLARKE, J. The alternative writ of mandamus allowed on the 5th day of May, 1905, alleged: That on or about May 6, 1903, relator was regularly appointed as assistant foreman in the bureau of highways, borough of Queens, at $2.50 per day. That he fully performed the duties of said position until November 6, 1903, when he received a written notice, signed by the superintendent of highways of said borough, which stated:

"You are hereby suspended as assistant foreman of this bureau, pending the outcome of charges which have been preferred against you."

That he had never been informed of the nature of the 'charges against him, nor has he ever had a hearing thereon or ever had an opportunity to make an explanation. That on or about November 25, 1904, he received a letter from the secretary of the municipal civil service commission, which states:

"I am in receipt of a communication from the president of the borough of Queens in which he states that your name has been dropped from the rolls for failure to report for duty as assistant foreman."

The alternative writ further alleges that relator never has been able to ascertain when his name was dropped from the rolls. Set forth in the writ is a letter from relator's attorney, dated December 1, 1904, addressed to the respondent, which, among other things, states as follows:

"There is no question in my mind but that Fogarty, being a veteran fireman, is entitled to reinstatement."

Upon the writ and the return, alleging, among other things, that relator had been dropped from the rolls of the department for failure and neglect to report for duty, a trial before a jury was had of a single question of fact: -

"Was the letter dated November 6, 1903, suspending * * * the relator, * * * written by * * * the superintendent of highways of the borough of Queens, * * * or was it sent to said relator in accordance with the instructions of said superintendent?"

The jury found that said superintendent did write said letter, and that the said letter was sent to the relator in accordance with the instructions of said superintendent. Thereupon a motion was made for the issuance of a peremptory writ of mandamus, which motion having been denied, the relator appeals.

We think that the alternative writ was deficient in substance, and that therefore the denial of the peremptory writ was required. In Commercial Bank of Albany v. Canal Commissioners, 10 Wend. 26, Chancellor Walworth, referring to the writ of mandamus said:

"All the authorities, both before and since that decision, show that any defect in substance in the writ, as a want of sufficient title in the relator to the relief may be taken advantage of at any time before the peremptory mandamus is awarded."

In People ex rel. Dunkirk, etc., R. R. Co. v. Batchellor, 53 N. Y. 128, 13 Am. Rep. 480, Judge Grover, after citing the rule stated in the Commercial Bank Case, supra, said:

"If the law gave an absolute right to the writ where a verdict was found for the relator, although from the entire record it appeared he had no such right, great injustice might be the result."

The same rule was applied in People ex rel. Ryan v. Green, 58 N. Y. 295.

Section 1543 of the Revised Charter (chapter 466, p. 636, of the Laws of 1901) provides that the heads of all departments and all borough presidents, except as otherwise specially provided, shall have power to remove all clerks, officers, employés, and subordinates in their respective departments, except as herein otherwise specially

provided. It was therein especially provided that no regular clerk, or head of a bureau, or person holding a position in the classified municipal civil service subject to competitive examination, should be removed until he has been allowed an opportunity of making an explanation. The relator does not come within said exception, because he was neither a regular clerk, nor the head of a bureau, nor a person holding a position in the classified municipal civil service subject to competitive examination, and there is no allegation in the papers suggesting any such claim. It was, however, "otherwise specially provided," in chapter 270, p. 805, of the Laws of 1902, amending chapter 370, p. 809, of the Laws of 1899, as follows:

"Section 21. Power of Removal Limited. * * * No person holding a position by appointment or employment * * * in the several cities * * * who shall have served the term required by law in the volunteer fire department of any city, town or village in the state, or who shall have been a member thereof at the time of the disbandment of such volunteer fire department, shall be removed from such position or employment, except for incompetency or misconduct shown after a hearing upon due notice, upon stated charges and with the right to such employé or appointee to a review by a writ of certiorari."

It is apparent that under that provision of the law it must affirmatively appear in the alternative writ that the relator had served the term required by law in such volunteer fire department, or that he was a member of such volunteer fire department when the same was disbanded. The alternative writ contains no such affirmative statement of facts. There is the bare statement in a letter of his attorney that there is no question in the mind of said attorney but that the relator, "being a veteran fireman and being removed without a hearing, is entitled to reinstatement." This is not an allegation of fact, but a statement of opinion.

In People ex rel. O'Brien v. Porter, 90 Hun, 401, 35 N. Y. Supp. 811, Mr. Justice Parker, writing the opinion of the General Term in this department, in which Mr. Presiding Justice Van Brunt and Mr. Justice Follett concurred, said:

"The relator's petition does not show that he served five years in the volunteer fire department, or that he was a member thereof at the time of the disbandment of the department of which he was a member. All that it contains on the subject is that the relator says: 'I served as a fireman in the volunteer fire department in the city of New York, and received my discharge therefrom on the 2d day of June, 1862.' Whether it was an honorable discharge or not the petition does not disclose, and it cannot be inferred from the language employed that the relator served the time required by law, or that he continued to be a member until the disbandment of the volunteer department, of which he says he was a member. It must be held, therefore, that the relator has failed to show in his petition that he was entitled to the protection of the statute which he invokes in this proceeding."

In order to avoid the effect of the general power of removal conferred by the provisions of section 1543 of the revised charter, supra, the relator was required to set forth the facts bringing him within the exception. This he has failed to do.

The order denying the motion for the issuance of the peremptory writ should therefore be affirmed, with $10 costs and disbursements. All concur.