THE PEOPLE ex rel. NATHANIEL BECKER, Relator, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.

(Supreme Court, New York Special Term, March, 1920.)

Mandamus — when application for a peremptory writ of, to reinstate to position of laboratory assistant granted — civil service — Greater New York charter, § 1101.

Upon an application for a peremptory writ of mandamus, made after the jury trial of issuable facts presented on the return to an alternative writ, the relator has the right to assert that as matter of law the alternative writ should not have been granted.

The board of education of the city of New York duly certified relator, a laboratory assistant, to the position of assistant teacher of chemistry, and a temporary license issued to him

for a year was renewed for a second year. He was not given a third year renewal, service under which was requisite for the issuance of a permanent certificate for the new grade, but the acting superintendent of schools reassigned him to the position of laboratory assistant and after fourteen months' service in that position, the salary of which he drew, he was suspended on charges which were neither served nor tried. Ultimately he was notified of his dismissal from the teaching force because he had never been duly appointed or reassigned to the position of laboratory assistant, because his license as assistant teacher had not been renewed for a third year. *Held,* that the claimed lack of power to make a reassignment except from an eligible list of persons certified as qualified to fill the position of laboratory assistant in the department of education was an afterthought, and contrary to the practical construction given to section 1101 of the Greater New York charter since its enactment in 1897 and under its revision since 1901, and that the application for a peremptory writ of mandamus to reinstate relator to the position of laboratory assistant will be granted.

Application for a peremptory writ of mandamus.

Denis R. O'Brien, for relator.

William P. Burr, corporation counsel (Elliot S. Benedict, of counsel), for city.

McAvoy, J. A peremptory writ is asked after an alternative writ has been issued and the controverted facts on the return thereto have been heard and determined at jury term. The responding board wishes a ruling anew that relator was never properly " reassigned " to the position of laboratory assistant, although it must be obvious that the holding on the original motion was that the facts conceded and law applicable left open but the decision of unadmitted facts to entitle the writ to go. This right, to assert that the alternative writ should not have been granted as a matter of law, even after a jury trial of issuable facts, appears to be held in some of the authoritative

books in this state. 53 N. Y. 128; 58 id. 295; 118 App. Div. 693. This results in a redundant and circumlocutory process, which might well be remedied through provision for appeal from the granting of an alternative writ, unless the law of the case is to be accepted as then laid down. Hence a review of the original decision of Special Term of this court is here inescapable. The result turns on the power of the superintendent of schools to make an appointment called in school parlance " a reassignment " after a member of the teaching force has vacated his position to accept a promotion to a higher grade within the department of education. The relator was a laboratory assistant; he was eligible by passing satisfactorily examination tests and being certified to the position of assistant teacher of chemistry, to which he was promoted, and a temporary license was issued to him for a year, and it was thereafter renewed for a second year. Three years' successive and successful service is the time requisite for issuance of a permanent license for the new grade. He was not given this essential third year renewal, but the acting superintendent of schools reassigned him to his original grade of laboratory assistant, in which he carried out the duties and received the salary thereof for fourteen months, when he was suspended and charges preferred, which were never served or tried, and ultimately he was notified that he was dismissed from the teaching force because never duly appointed or reassigned to the position of laboratory assistant after his failure of renewal of license as assistant teacher. The lack of due appointment is said to arise because the reassignment was not made from an eligible list of persons certified as provided by law as qualified as such laboratory assistant in the department of education. The chain of argument is simple, and runs thus:

The law prohibits appointment except of eligibles. The relator is not eligible because he is not on any list certifying him as qualified. His promotion to assistant teacher vacated the lower office and filled the higher. He cannot be appointed again or reassigned to the lower office, because in vacating that office he became ineligible for reassignment or appointment thereto excepting by examination and certification anew. This is a strictly logical argument, and such a construction might be adopted if it were a case of novel impression at the threshold of the enforcement of a new statute. But it is not such a case. The power of reassignment in the manner heretofore described has been exercised by the superintendent of schools as a practical construction of the section of the statute here invoked ever since the enactment of the charter of 1897, and, under its revision, since 1901. Greater N. Y. Charter, § 1101. The practical effect thus given to the enactment by the executive and administrative officers intrusted with the duty of enforcing and applying the law will be followed in interpretation unless it violates the principles upon which the law is founded, or is in direct contravention of its apparent intent. Does this practical construction bear this defect? I think not, for the reason that the requirement of examination and certification of eligibility was to obtain competent, trained and experienced teachers in the various branches of the educational work of the schools. If the member of a teaching staff who accepts a temporary license and appointment to a higher grade has his permanent tenure therein refused for lack of a satisfactory service in the higher grade after three years' trial, he is concluded from keeping within the teaching service even in the lower grade, in which he is presumptively useful and efficient, unless he may be thus reassigned

excepting by the arduous method of re-entry into the original position by examination, certification, appointment, successive renewal of licenses until permanence is reached and appointment finally thereunder. I am not persuaded of such a legislative intent. This temporary character of promotion connotes a power of reassignment to the vacated office during the temporary status of the employee. The educational authorities in practice have demonstrated the facility of enforcement of the enactment under such interpretation. The power has been indirectly recognized by the Court of Appeals in *People ex rel. Callahan* v. *Board of Education,* 174 N. Y. 169, although holding it could not be exercised adversely to a permanent license without a hearing on charges and a determination of inefficiency in the higher grade. In this very instance a reassignment was had and acted upon for over a year, the duties performed, salary paid, status recognized and power undisputed by superiors in the department, supervisory or auditory. The financial and law officials of the city acquiesced, as did every other person having an interest either in educational or civil service reformation. The claimed lack of power is an afterthought, and is designed apparently as a facile device for ridding the force of relator without trial. This may be desirable, but it is not law. Peremptory writ allowed.

Application granted.