THE PEOPLE OF THE STATE OF NEW YORK EX REL. ROBERT P. ANIBAL AND MICHAEL D. MURRAY, RESPONDENTS, v. THE BOARD OF SUPERVISORS OF FULTON COUNTY, APPELLANT.

*Certificate of the State assessors as to the reasonable costs and expenses of an appeal from the equalization of assessments by a board of supervisors — effect of.*

The provisions of chapter 435 of the Laws of 1884, amending section 15 of chapter 312 of 1859, relating to appeals to the State assessors from the equalization of assessments for the purposes of taxation made by boards of supervisors, to the effect that "whenever any appeal so made shall be sustained the State assessors shall certify the reasonable costs and expenses arising therefrom and connected therewith on the part of the appellant and respondent, and such amounts so certified shall be audited by the board of supervisors and levied and collected," etc., do not determine the amount which may be properly paid by a board of supervisors to their counsel as the compensation for his services in the matter of such an appeal.

Such provisions are rather analogous in their effect to the statutes relating to the taxable costs in an action.

APPEAL by the defendant, the Board of Supervisors of Fulton County, from an order made at a Special Term of the Supreme Court, held at the chambers of Mr. Justice PUTNAM, in the village of Saratoga Springs, and entered in the office of the clerk of the county of Fulton, on the 4th day of January, 1889, awarding a peremptory *mandamus* against the Board of Supervisors of Fulton County, requiring said board forthwith to audit and allow to Anibal and Murray the balance of their bill and claim as sent to the State assessors and by them returned to the clerk of the county of Fulton, and in accordance with the supplemental bill and claim presented to

the Board of Supervisors of Fulton County by Anibal and Murray to the extent and amount of at least $700, together with interest.

*John M. Carroll*, for the appellant.

*Robert P. Anibal*, for the respondents.

LEARNED, P. J.:

This is an appeal from an order granting a peremptory *mandamus*. The relators in their affidavits state positively that in December, 1886, they made a contract with the board of supervisors, through a committee of that body, to do certain legal services at a price not less than $1,200 and disbursements, and that they did those services. They produced a report of the committee made to the board December 21, 1886, stating this contract and an acceptance of the same. The defendants make an answer denying this on information and belief, verified by the present chairman. There are affidavits also produced by the defendant, but they contain no denial of the facts alleged. They only state the affiant's ignorance of such alleged contract. We think, therefore, that the learned justice properly held that the facts alleged by the relators had not been put in issue by the defendant. (*People ex rel. Kelly* v. *Common Council*, 77 N. Y., 503, 511.) This rule is not in conflict with the rule that on granting a peremptory *mandamus* the facts stated in defendant's affidavits must be taken as true. (*People ex rel. German American L. and T. Co.* v. *Richards*, 99 N. Y., 620.) The difficulty is, that defendant does not state facts, nor deny relator's allegations.

We have, then, the employment of the relators by the board at a specific amount and the performance by the relators of the services. When the relator's bill was presented to the board in December, 1887, it was disallowed, in the language of the resolution, " on the ground that this board has no authority to audit the bill for any different amount than is certified by the State assessors, and for no other reason or on no other grounds." Hence all question as to the alleged contract, etc., is eliminated and the question is simply one as to the power of the board. The matter in which the relator was employed was an appeal by the town of Perth to the State assessors from the equalization of the board of supervisors. Now, it is true that on such appeal the parties really interested to oppose the

appellant are the other towns of the county.   But it will be seen by section 13, chapter 312, Laws of 1859, that the notice is to be served on the chairman and clerk of the board, so that the board is made the legal respondent, and not the remaining towns.   Therefore, it was said in *People ex rel. Supervisors of Ulster* v. *City of Kingston* (101 N. Y., 82, at page 96) that the board " was the party respondent in the appeal.   It was its duty, as the representative of the county, to defend its equalization if it believed it to be just, and as incident to the duty, it could incur the necessary expenses in defending its action."

We, therefore, see no reason to doubt that the action of the board in employing the relators was lawful.   Probably, in the view of the legislature, the board would eventually place the burden of expense where it belonged.

But the defendants urge that this right of the board to contract for services of counsel in such matters is controlled by the provisions of chapter 435, Laws of 1884, amending section 15 of chapter 312, Laws of 1859, as amended, etc.   This section is :   *   *   *   " whenever any appeal so made shall be sustained, the State assessors shall certify the reasonable costs and expenses arising therefrom and connected therewith on the part of the appellant and respondent, and such amounts so certified shall be audited by the board of supervisors and levied and collected," etc.   In accordance with this law the relators presented their bill to the State assessors at $1,400.   It was allowed at $500 ; and at that amount was included in the respondent's costs and expenses of $3,312.33, certified by the State assessors.   In accordance therewith the board of supervisors allowed the relator's bill at $500, and this present proceeding is to enforce the residue of the contract-price.   This presents the real question in this case.   Does the statute authorizing the State assessors to certify the costs and expenses deprive the relators of their rights under their contract ; that is, does the statute render the contract void ?

To enable us to test the question, we may suppose that the relators had contracted with the board to do all these services for $100, could they have compelled the board to pay any more ?   Now, if the defendant's contention is correct, then whenever such an appeal is taken and the board of supervisors desires to oppose the appel-

lant, the only arrangement it can make with counsel is, that they shall receive whatever the State assessors will certify. This is a contract which few would be willing to accept. The State assessors may know what labor was performed in their presence, but they have no opportunity of knowing what was done in the preparation of the case outside. Further, the statute provides that when the appeal is not sustained, the assessors shall certify the reasonable costs and expenses on the part of appellant and respondent, and these shall be a charge on the appellant, to be levied by the board. It seems to us, therefore, that the amounts thus to be certified are somewhat analogous to taxable costs. As taxable costs do not determine the amount owing by client to counsel, so we think that authority to certify these costs given to the State assessors does not prevent the board of supervisors from contracting with their counsel as to compensation, and that such contract is binding. Such is the fair inference, also, from the language of the court in the case last cited. "The board of supervisors must, of necessity, incur the expenses in the first instance, on its own credit." And a board will have very poor credit if, when it contracts to pay $1,200, this is to be understood to mean "or as much less as the State assessors may certify."

The defendant insists that *mandamus* will not lie because its action was judicial. It did not audit. It refused to audit, believing itself to have no power. There is no dispute about facts. If the board had said, we never made such a contract and the relator's services are not worth that sum, the case would have been different. But it very fairly and frankly stated its legal position by the resolution which it adopted. We judge from that resolution that it appreciated the justice of the relator's claim, but thought that it was forbidden to allow it.

We think that the order should be affirmed, with fifty dollars costs and disbursements.

LANDON and INGALLS, JJ., concurred.

Order affirmed, with fifty dollars costs and disbursements.