COOPER v. PARIS et al.

(Supreme Court, Special Term, Washington County. Sept. 5, 1911.)

1. MANDAMUS (§ 155*)—ANSWERING AFFIDAVITS—AVERMENTS OF LACK OF KNOWLEDGE OR INFORMATION.

In answering affidavits, averments of lack of knowledge or information sufficient to form a belief as to certain allegations of the petition for mandamus are insufficient to raise an issue.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 310; Dec. Dig. § 155.*]

2. MANDAMUS (§ 181*)—PEREMPTORY WRIT—ANSWERING AFFIDAVITS.

A peremptory writ of mandamus still being demanded notwithstanding answering affidavits to the petition, averments of the affidavits positive in form are to be taken as true.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 401–418; Dec. Dig. § 181.*]

3. MANDAMUS (§ 154*)—PETITION—AVERMENTS TO BE TAKEN AS TRUE.

The allegations of the petition for mandamus which are to be taken as true are only those of fact which are undisputed; and not any constituting a mere conclusion of law.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 296–316; Dec. Dig. § 154.*]

4. MANDAMUS (§ 154*)—MUNICIPAL OFFICE—SERVICE IN FIRE DEPARTMENT—STANDING OF COMPANY—PETITION.

The allegation of the petition for mandamus, as to the standing of a hose company—by service in which petitioner claims the benefit of Civil Service Law (Consol. Laws 1909, c. 7) § 22, providing that no person holding a position by appointment or employment in a village who has served the term required by law in the volunteer fire department of the village shall be removed from such position, except for incompetency or misconduct—that such hose company for more than 25 years has been and now is a "part of the volunteer fire department of said village," is sufficient, without any express allegation of such company having been incorporated.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 296–316; Dec. Dig. § 154.*]

5. MANDAMUS (§ 143*)—DELAY IN APPLICATION.

Delay of nearly four months, after another was appointed by a village to the position petitioner had held before applying for mandamus to be restored to the position, is not such as to preclude relief.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 282–285; Dec. Dig. § 143.*]

6. MANDAMUS (§ 154*)—MUNICIPAL OFFICE—SERVICE IN FIRE DEPARTMENT—PETITION.

The petition for mandamus to compel the restoring of petitioner to a position from which he claims to have been removed in violation of Civil Service Law (Consol. Laws 1909, c. 7) § 22, extending its benefits to those who have served "the time required by law" in the volunteer fire department of the village, is insufficient in showing merely that petitioner had served "five years" therein; General Municipal Law (Consol. Laws 1909, c. 24) § 200, giving as a qualification for an exempt volunteer fireman service in such department for "five consecutive years," and Village Law (Consol. Laws 1909, c. 64) § 209, relative to general exemption of firemen, stating a full term of service in a fire department to be "five successive years."

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 296–316; Dec. Dig. § 154.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. MUNICIPAL CORPORATIONS (§ 157*)—CIVIL SERVICE—TERMINATION OF EM-
PLOYMENT BY LIMITATION.

Civil Service Law (Consol. Laws 1909, c. 7) § 22, protecting a person
holding a position by appointment or employment in a village from re-
moval therefrom, where he has performed certain services in the volun-
teer fire department of the village, does not apply where the village trus-
tees create a position, appoint thereto, or employ therefor, a person "dur-
ing the pleasure of the board," and thereafter appoint another to the
position; this being an ending of his term of services by exercise of the
pleasure of the board, and he being in the position not of one who has
been removed, but of one whose employment has ceased by limitation of
its own term.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig.
§§ 300, 347; Dec. Dig. § 157.*]

8. MUNICIPAL CORPORATIONS (§ 218*)— EMPLOYÉS — REMOVAL — WAIVER OF
RIGHTS.

An employé of a village, even if he had served five consecutive or suc-
cessive years in the volunteer fire department of the village, and so was
protected by Civil Service Law (Consol. Laws 1909, c. 7) § 22, against re-
moval from his position, except for incompetency or misconduct shown
on a hearing after notice, waived his rights, he not having asserted his
right to continue in the employment by reason of such service, or brought
to the knowledge of the village trustees the fact of such service, but
having, by filing his application for reappointment, conceded that the
right of the board to appoint existed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig.
§§ 589–598; Dec. Dig. § 218.*]

9. MANDAMUS (§ 151*)—COMPELLING REINSTATEMENT TO OFFICE—PARTIES.

The remedy of mandamus provided by Civil Service Law (Consol. Laws
1909, c. 7) § 22, for one removed from a municipal office in violation of
such law, being in effect a method of trying title to the office, another
person appointed to the position is a necessary party.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 291, 292;
Dec. Dig. § 151.*]

10. MANDAMUS (§ 190*)—APPLICATION FOR PEREMPTORY WRIT—COSTS.

The discretion given by Code Civ. Proc. § 2086, as to awarding costs
on an application for a peremptory writ of mandamus, will be exercised
by not awarding them against petitioner on denial of his application for
such a writ against village trustees to require his restoration to a posi-
tion on the fire department of the village, which he had held by appoint-
ment of such trustees, and to which they had later appointed another;
there being no claim of inefficiency of petitioner, in view of which it may
be presumed that the services rendered by him, for which he received
only a small compensation, were of material service to the village in
times of danger from fire.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 438–443;
Dec. Dig. § 190.*]

Application of John R. Cooper for a peremptory writ of mandamus
against Russell C. Paris and others, constituting the Board of Trustees
of the Village of Hudson Falls. Denied.

Rogers & Sawyer, for the application.
William E. Young, opposed.

J. A. KELLOGG, J. The petitioner, John R. Cooper, has ap-
plied to this court for a peremptory writ of mandamus directing and
commanding the respondents, constituting the board of trustees of the

village of Hudson Falls, N. Y., to reinstate said petitioner in the position of engineer of the steamer used by the fire department of said village. Upon the hearing at Special Term certain preliminary objections were interposed in behalf of the trustees. Inasmuch as these so-called preliminary objections affect the merits of the application, they may be considered overruled as preliminary objections, but the contentions therein contained will be considered upon the decision of the application on its merits.

[1] In the affidavits submitted in behalf of the respondents there are averments of lack of knowledge or information sufficient to form a belief as to certain allegations of the petition. Such averments are not sufficient to raise an issue as to such matters so denied. The allegations of the petition as to such matters must therefore be taken as true. People ex rel. Carleton v. Board of Assessors of City of New York, 7 Hun, 228; People ex rel. Harriman v. Paton, 20 Abb. N. C. 195; People ex rel. Anibal v. Board of Supervisors of Fulton County, 53 Hun, 254, 6 N. Y. Supp. 591; In re Application of Sullivan, 55 Hun, 285, 287, 8 N. Y. Supp. 401; Simmons v. Craig, 137 N. Y. 550, 33 N. E. 76.

[2] So far, however, as the averments in the answering affidavits are positive in form, they must be taken as true, inasmuch as this application is for a peremptory writ, and such writ is still demanded notwithstanding the affidavits filed by respondents. People ex rel. Corrigan v. Mayor, 149 N. Y. 215, 43 N. E. 554; People ex rel. Perry v. Board of Canvassers, 88 App. Div. 185, 84 N. Y. Supp. 406; In the Matter of Steinway, 159 N. Y. 250, 254, 53 N. E. 1103, 45 L. R. A. 461; In re Haebler v. New York Produce Exchange, 149 N. Y. 414, 44 N. E. 87; People ex rel. City of Buffalo v. New York Central & Hudson River Railroad Co., 156 N. Y. 570, and cases cited at page 575, 51 N. E. 312; People ex rel. Pumpyansky v. Keating, 168 N. Y. 390, and cases cited on page 399, 61 N. E. 637.

[3] The allegations contained in the petition which are to be taken as true are the allegations of fact that are undisputed, but any allegation contained therein which is a mere conclusion of law should not be considered. People ex rel. Corrigan v. Mayor, supra.

Applying the foregoing well-established rules to the papers submitted on this application, the following facts material to its determination must be considered as established: On the 27th day of March, 1911, the board of trustees of the village of Hudson Falls assumed to appoint one Frank Kelly to a position known as "engineer of the steamer." It had been the custom of the boards of trustees of this village, which is incorporated under the village law, annually, and shortly after the organization following the spring election, to appoint a person to the position so entitled. In accordance with this custom, boards of trustees for the three preceding years had appointed the petitioner to this position. The duties of the position are to clean the steam fire engine belonging to the village, keep it in readiness for immediate use with fire laid ready for lighting, to test it at regular intervals, and, in case of an alarm of fire, to immediately proceed to the place where said steamer is kept, and, upon receipt of word

from the chief engineer of the fire department, to light the fire in the same and be in readiness to operate and run the same under the directions of the chief engineer of the fire department. This is not a position provided for by law, nor is it a position or employment created by statute. It was created by the board of trustees itself, acting evidently in the belief that it was advisable that the duties specified should devolve upon some particular person throughout the year. The first appointment of the petitioner was made April 18, 1908. The resolution of appointment is as follows:

"On motion of Trustee Sherrill, J. R. Cooper was appointed engineer of the fire steamer. A vote was taken and all voted in the affirmative."

This resolution appears not to have fixed the term of employment. On March 22, 1909, the petitioner was again appointed under a resolution worded as follows:

"On motion J. R. Cooper was appointed engineer of the village steamer *at the pleasure of the board* and salary same as last year."

Having held the position for two years by virtue of this appointment and reappointment, prior to the meeting of the board of trustees organizing in March, 1910, the petitioner filed a written application for appointment as follows:

"To the Board of Trustees of the Village of Hudson Falls:

"Gentlemen: I hereby make application for the position of engineer of the Village steamer.

"Dated March 21, 1910.

"Yours, etc.,                                              J. Ray Cooper."

Following this application in writing, on April 4, 1910, as appears from the minutes, the following proceedings were had.

"Trustee Dempsey moved that J. R. Cooper be appointed engineer of steamer at salary of $120.00 per year or $2.30 per week. Vote: Trustee Burke, yes; Trustee Newton, yes; Trustee Potvin, yes; Trustee Dempsey, yes; President Devine, yes.

"On motion of Trustee Dempsey the above appointments were made *during the pleasure of the board.*"

Prior to the making of the appointments by the board of trustees now in office composed of the respondents here under date of March 24, 1911, the petitioner addressed to it the following communication:

"To the Honorable Board of Trustees:

"Gentlemen: I hereby ask *to be appointed* engineer of the Village steamer for the ensuing year, as I now hold that position.

"Thanking you for past favors, I remain,          J. Ray Cooper."

Following this latter application the board of trustees, however, on March 27, 1911, appointed one Frank Kelly to the position of "engineer of the steamer" for the ensuing year.

The petitioner has been a member of the Paris and Wait hose companies for more than 25 years, and said companies during said period were, and now are, a part of the volunteer department of the village. The petitioner is now, and for more than five years prior to March 27, 1911, was, a member of the Wait Hose Company in good standing, and during said time was over the age of 18 years, and was a

bona fide resident and freeholder of the village. In 1904, and again in 1907, petitioner was elected to the office of chief engineer of the fire department pursuant to section 205 of the village law. At no time prior to the meeting of March 27, 1911, at which Kelly was appointed to succeed the petitioner, did the petitioner call the attention of the board of trustees to the fact that he made any claim to a right to hold the position by reason of his service as a volunteer fireman, or that he made any claim that the board of trustees had no authority to appoint a person in his place. On the contrary, his written applications for appointment indicated his understanding that the board had the right to make an annual appointment, and for that appointment he took the pains to apply in writing, at least twice. On neither occasion did he claim that there was no vacancy in the position or that the board had no right to appoint his successor by reason of the fact that he himself was or had been a volunteer fireman, or for any other reason.

In consideration of the principles of law applicable to this state of facts, the court has been materially aided by the carefully prepared briefs of counsel submitted on both sides of the controversy.

[4] It is claimed in behalf of the trustees that the petitioner's papers are defective because they do not allege that the Wait Hose Company is an incorporated company, and the attention of the court is called to the late decision of the Appellate Division in the Fourth Department, in the case of the People ex rel. Conley v. Beach, 143 App. Div. 712, 128 N. Y. Supp. 412.

The statute which is invoked by the petitioner in this proceeding is the civil service law, which provides in section 22, so far as it is pertinent to the case at bar:

"No person holding a position by appointment or employment in the state of New York or in the several cities, counties, towns or villages thereof who shall have served the term required by law in the volunteer fire department of any city, town or village in the state * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges."

In this Conley Case, relied upon by the counsel for the trustees, the justice at Special Term held that the protection of the statute did not extend to volunteer firemen "who have associated themselves together informally, without any responsibility to the state or its municipalities, and over whom the state had no authority or control." Mr. Justice Williams in writing the opinion of the Appellate Division, which opinion prevailed by a vote of three to two, quotes this language of the Special Term justice, and it was for the reason that the fire company to which the petitioner belonged was not a part of the fire department of the city of Rome within the purview of the statute that the petitioner in that case was denied the relief he sought.

In the case at bar, however, there is a direct and positive allegation in the petition, of which there is no sufficient denial in the answering affidavits, to the effect that the Wait Hose Company for more than 25 years has been and now is "part of the volunteer fire department of said village." The allegations of the petition therefore, so far as

the standing of the hose company of which the petitioner is a member is concerned, are entirely sufficient, and it is not necessary that its incorporation should be expressly alleged.

[5] Furthermore, it is urged in behalf of the trustees that by reason of his delay in applying for this remedy the petitioner has been guilty of such negligence as would preclude granting the relief asked for. The appointment of petitioner's successor was made March 27, 1911. The petition herein was served on July 17th on two of the trustees and on July 19th on the president of the village. It was made returnable at the then next appointed Special Term. The interval elapsing between the date of the appointment of Kelly and the service of the petition in this case is therefore ten days less than four months. Although this is far from prompt action in the case, it would hardly seem to be such a delay as would preclude the petitioner from reinstatement in the position if otherwise legally entitled thereto. Neither of these reasons, therefore, urged by the counsel for the village, appeal to the court as sufficient for denying this application. In view of the other allegations in the petition, it would not seem necessary to expressly allege the incorporation of the fire company. Neither will the delay of petitioner preclude consideration of his application upon the merits.

There are, however, several reasons which preclude granting the relief asked for:

[6] First. The provision of the civil service law extends its benefits to those "who shall have served *the time required by law* in the volunteer fire department of any city, town or village in the state." This provision is most indefinite. The term "required by law" has no definite meaning. The law referred to is not specified, and "required by law" for what purpose is not stated. It is claimed on behalf of the petitioner that the phrase has reference to section 200 of the "general municipal law." This section is headed, "Defining qualifications for exempt volunteer firemen," and provides as follows:

"An exempt volunteer fireman is hereby declared to be a person *who as a member of a volunteer fire company* duly organized under the laws of the state of New York shall have at any time after attaining the age of eighteen years faithfully actually performed service in the protection of life and property from fire within the territory immediately protected by the company of which he is a member, and while a bona fide resident and, if of full age, an elector therein for a period of five *consecutive* years."

There is no allegation in the petition to the effect that the petitioner served in the Wait Hose Company or any other volunteer fire company for a period of "five consecutive years," and there is no statement of facts, therefore, before the court to show that he is entitled to the privileges of an exempt volunteer fireman. It appears that he served five years prior to the date in question, but he expressly avoids stating that they were "consecutive" years, and, although the allegation is couched largely in the language of the statute containing this very word "consecutive," that word seems to have been expressly omitted. It may very well be that the services of the petitioner as chief engineer of the fire department for the two terms alleged, or

even his service in this very position in controversy as "engineer of the steamer," may have interrupted his service as a member of the Wait Hose Company, so that such service was not "consecutive" for five years as required by this law. In any event, it is necessary that the petition should state the facts squarely within the provision of the statute, which, if applicable, would give petitioner unusual privileges, and, in consequence of its failure to do so, he is not entitled to the relief demanded. As has already been noticed, this section of the general municipal law is claimed by counsel for the petitioner to be referred to in the civil service law. It may be noted, however, that section 209 of the village law touches upon the question. This section is headed, "General exemption of firemen." Its first sentence is as follows: "A full term of service in a fire department is five successive years." This provision is substantially similar to that of the general municipal law; the word "successive" being used in place of the word "consecutive," showing a well-defined intent on the part of the lawmakers that the service should be continuous for the five-year period. For this reason, therefore, the application should be denied.

[7] Second. The civil service law protects a fireman from removal from a position to which he has been appointed or for which he has been employed. This so-called position "engineer of the steamer" has no standing in law. It is not a public office provided for by statute. Neither is it a position or employment created by law. It is in the nature of an employment to perform certain duties directed by the board of trustees of the village, and prescribed by them. It is in effect an employment as a laborer, performing labor, perhaps, to an extent skilled, but nothing more. When the board of trustees saw fit to employ a person to perform such services, they had a right to prescribe the term, either definite or indefinite, and at the termination of such term the employment ceased.

In the case of the employment of the petitioner in 1909 and again in 1910, he was employed *during the pleasure of the board*. When the board chose another to perform the duties of the position it was a clear evidence that *it was their pleasure* that the services of the petitioner should cease. This I think ended his term of service. He is not in the position of one who has been removed, but of one whose employment has ceased by limitation of its own term. This was clearly the understanding of the petitioner himself, when annually he applied for appointment to this position; thereby conceding that the term of employment was about to expire. His last application, made during the present year, was not for a continuation of his services, but for an appointment to a position which he then held, clearly indicating his understanding that the position would soon be vacant, and that an appointment thereto could properly be made. To hold otherwise would be to hold that whenever the board of trustees employed a person to perform any work whatever such employment would never cease during the lifetime of the employé as long as work of that character remained to be performed, if the employé should happen to be an exempt volunteer fireman, and such rule would apply

even where the board expressly limited the term of employment to its pleasure, and in fact created the position or employment itself.

[8] Third. Both the general municipal law and the village law provide for the issuing of certificates to volunteer firemen which shall be presumptive evidence of their service. If the petitioner believed himself to be entitled to this privilege of perpetual employment during good behavior which he now contends for, it would have been a very easy and a very proper course to pursue to procure a certificate and file it with the board of trustees. This he did not do, and by reason of his failure to do this or perform any other act, or take any other course indicating his claim to a right to be continued in this employment, or involving a denial of the right of the board of trustees to fill the position by appointment, he has waived whatever right, if any, he may have had.

Upon this question the language of Mr. Justice Jenks, in delivering the unanimous opinion of the court in People ex rel. Ross v. Dooling, 132 App. Div. 50, 53, 116 N. Y. Supp. 371, 373, is most pertinent:

"As one may waive a statutory right (Sentenis v. Ladew, 140 N. Y. 463 [35 N. E. 650, 37 Am. St. Rep. 569]), the doctrine of waiver is applied to an appointee or employé in the public service who is protected from removal by a statute of prescribed procedure. Certainly if such an one has notice of a contemplated removal in disregard of the statute and his status under the statute has not been brought to the attention of the removing power, and is not then or thereafter brought to its attention before the action of removal, then the doctrine of waiver will apply. And so this doctrine may well be held to apply when the appointee or employé becomes aware of an intent of removal by an ignorant removing power, and yet fails thus to enlighten that power."

The decision in this case was unanimously affirmed by the Court of Appeals without opinion in 198 N. Y. 616, 92 N. E. 1098. See, also, People ex rel. Robesch v. President, 190 N. Y. 497, 83 N. E. 597, and People ex rel. McDonald v. Clausen, 50 App. Div. 286, 63 N. Y. Supp. 993, appeal dismissed 163 N. Y. 523, 57 N. E. 739. In the Robesch Case Judge Willard Bartlett, delivering the unanimous opinion of the Court of Appeals, states:

"I understand the rule now to be well established that, where an appointee or employé in the public service becomes aware of the intention of his superior in office to take steps to remove him from his position, it is incumbent upon such subordinate to make known to his superior the fact that he claims to be a veteran fireman if he desires to avail himself of the statutory privilege reserved to such veterans, unless his status has already been brought to the knowledge of the officer vested with the power of removal." 190 N. Y. 499, 500, 83 N. E. 598.

There is no claim even that the petitioner informed any member of the board of trustees that he had served in any duly organized fire company for five "consecutive" and "successive" years. His allegation that members of the board knew that he had served for more than five years, even if material, is positively denied by them. But, however this may be, it cannot be disputed that at the time of making his application for appointment in March of the current year the petitioner did not assert his right to continue in the employment by reason of having served as a volunteer fireman, and he expressly con-

ceded by filing his application for appointment that the right to appoint by the board existed, and thereby quite clearly waived whatever rights he had to continue in the position even if we concede for the sake of argument that he had any such right. The petitioner knew, as is shown by his written application, that the board of trustees contemplated filling the position, which action would in effect terminate his own employment. If he claimed a right to further employment in the position by reason of his service as a fireman, it was his duty to call the attention of the appointing power to such claim, so that action could be taken with full knowledge thereof and after investigation of the facts upon which it was based. Having failed to pursue this obvious course, petitioner cannot complain.

[9] Fourth. The section of the civil service law which is invoked in this proceeding provides a remedy by mandamus to remedy any wrong complained of arising under the section. This supersedes the common-law remedy, and is, in effect, a method of trying the title to public office and employment. It is quite plain that to a complete determination of such controversy the party most interested, namely, the person appointed in the place of petitioner, is a necessary party. It has been held in various cases under the civil service law that such practice is necessary. People ex rel. Conlin v. Village of Dobbs Ferry, 63 App. Div. 276, 277, 71 N. Y. Supp. 578; People ex rel. Mesick v. Scannell, 63 App. Div. 243, 71 N. Y. Supp. 383; Matter of Jones v. Willcox, 80 App. Div. 167, 170, 80 N. Y. Supp. 420. I think the reasoning of these decisions applies to the case at bar, and that complete determination of the matter in controversy cannot be had in this proceeding to which Kelly, the person most interested, is not a party.

Briefly summarizing, the application should be denied for the following reasons: First. It does not appear that the petitioner served in any organized fire company, in any volunteer fire department, for five "consecutive" or "successive" years. Second. The plaintiff's employment has terminated by reason of the expiration of the term for which he was appointed. Third. Even if he had had a right to continue in the position, he waived such right by conceding the right of the board to appoint on making application for such appointment. Fourth. The present incumbent is a necessary party to any proceeding to test the title of the office which he now holds.

[10] Section 2086 of the Code of Civil Procedure authorizes the court upon an application of this nature to award costs to the amount of $50 and disbursements. But as there is no claim of any inefficiency of the petitioner, in view of which it may be presumed that the services rendered by him at a small compensation were of material service to the municipality in times of danger from threatened conflagration, it would not seem just in denial of his application in this matter that costs should be awarded against him. The discretion vested in the court in this regard will be exercised in favor of the petitioner.

The motion is therefore denied without costs.