In the Matter of the Application of WILLIAM E. MAHAN, Petitioner, for an Order of Mandamus against HARLOW E. BACON, as Commissioner of Public Works of the City of Rome, N. Y., and Others, Respondents.*

Supreme Court, Oneida County, May 12, 1934.

* Affd., 243 App. Div. 677.

*Searle & Searle [D. Francis Searle* of counsel], for the petitioner.

*John P. Gualtieri, Corporation Counsel,* for the respondents.

McCURN, J. This is an application for a mandamus directed to the commissioner of public works of the city of Rome, N. Y., to restore William Mahan, the petitioner, to the position of caretaker of the Stokes reservoir. The petitioner in June of 1919 tried and passed a civil service examination conducted by the municipal civil service commission of the city of Rome for the position known as " caretaker of Stokes Reservoir." In July, 1919, the petitioner was appointed from the eligible civil service list and his appointment has been continued under successive administrations until February 13, 1934, when he was dismissed from the service by Harlow E. Bacon, commissioner of public works of the city of Rome. The dismissal was preceded by a letter or notice of the proposed removal from office together with a copy of the charges made against the petitioner by the commissioner of public works. The petitioner made answer to the said charges and was removed without a hearing. The procedure followed by the commissioner of public works was apparently pursuant to subdivision 2 of section 22 of the Civil Service Law.

The petitioner asserts that he is a volunteer fireman within the meaning of subdivision 1 of section 22 of the Civil Service Law and that he can be legally removed only after a hearing as prescribed in that section.

The petitioner is a member of the Lee Center Volunteer Fire Company, and has been since May, 1931, a period of a little less than three years. Subdivision 1 of section 22 of the Civil Service Law preserves the right of a hearing to one " who shall have served the time required by law in the volunteer fire department of any city, town or village," etc., but this section is silent as to the meaning of the words " time required by law." It is provided, however, in section 200 of the General Municipal Law that an exempt fireman is one who has " actually performed service " for " five consecutive years." It has been held and apparently is the established law that one seeking the benefits of subdivision 1 of section 22 of the Civil Service Law must qualify as to time of service under the provisions of section 200 of the General Municipal Law and must establish that he has been a volunteer fireman for five consecutive years. (*Matter of Cooper* v. *Paris,* 73 Misc. 244.)

It is obvious that the petitioner cannot qualify as an exempt fireman under section 200 of the General Municipal Law as he first became a fireman in May of 1931 and up to the time of his removal had served for a period of less than three years.

It is urged in his behalf, however, that he qualifies for the benefits set forth in section 114 of the Membership Corporations Law which provides:

" § 114. Firemen's exemption. Every active fireman who shall be a member of a corporation subject to the provisions of this article, or who shall have served five years as a member of such a corporation and shall have been honorably discharged therefrom, shall be entitled to all the rights granted by law to volunteer firemen or to exempt firemen."

This section leads to an inquiry as to whether the petitioner is a member of a corporation subject to the provisions of the Membership Corporations Law. The moving papers show that the supervisors of the county of Oneida on the 15th day of July, 1931, passed a resolution to create Lee Center Volunteer Fire Company, District No. 1. The resolution recites that it is made pursuant to section 38 of the County Law. The Legislature thereafter passed its act known as the chapter 26 of the Laws of 1932 legalizing the above-mentioned act of the board of supervisors. Fire commissioners thereafter came into existence. Just how they acquired title to their office does not appear from the papers. These fire commissioners organized the Lee Center Volunteer Fire Company, of of which the petitioner is a member and has been since sometime in 1931. There is no record in the county clerk's office of Oneida county indicating that the Lee Center Volunteer Fire Company is a corporation and neither is there any other record in that office as to its status. It cannot be considered, therefore, as being a corporation organized under article 10 of the Membership Corporations Law, and the petitioner as a member of said fire company, therefore, does not qualify for the benefits provided for members of such a corporation under section 114 of the Membership Corporations Law.

It may very well be that there is not sufficient reason in justice and fairness to require a fireman belonging to the class to which the petitioner belongs to serve five consecutive years as a volunteer fireman in order to gain the benefits which a volunteer fireman who is a member of a corporation organized under article 10 of the Membership Corporations Law apparently gains immediately upon his becoming a member of such corporation and without any regard to his length of service. These are statutory provisions, however, and must be applied and followed by the courts.

The application of the petitioner is denied, with ten dollars costs.