amended complaint since before the time of the trial. (The order grants leave to serve an amended complaint in an action upon a fire insurance policy.)

In the Matter of Supplementary Proceedings of Abbott & Walker, Incorporated, Appellant, against Frederick G. Reed, Respondent; In the Matter of Supplementary Proceedings of E. F. Drew & Company, Incorporated, Appellant, against Frederick G. Reed, Respondent.— Order reversed, with ten dollars costs and disbursements, and motion denied, without costs, on the ground that no sufficient grounds were shown for the vacating of the contempt orders in the light of the fact that more than three years had elapsed since the orders were granted and the respondent had made substantial payments upon the fines then imposed without objection. All concur, except Thompson, J., who dissents and votes for affirmance. (See *Flanson Realty Corp.* v. *Workers' Unity House, Inc.*, 229 App. Div. 179, 183.) (The order reduced a fine imposed for contempt of court in supplementary proceedings.)

The Hudson City Savings Institution, Respondent, v. Central Lundy Corporation and Others, Defendants, and A. William Black, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order grants summary judgment in a mortgage foreclosure action dismissing a counterclaim and striking out the remaining defenses.)

The Hudson City Savings Institution, Respondent, v. Central Lundy Corporation, Appellant, and Others, Defendants.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order grants summary judgment in a mortgage foreclosure action dismissing a counterclaim and striking out the remaining defenses.)

Edward A. Norton, Respondent, v. Hartford Fire Insurance Company, Appellant.— Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on the ground that the moving papers fail to show any circumstances which render it necessary or proper to take Mr. Harvie's deposition as provided in section 288 of the Civil Practice Act, or that Mr. Harvie is a necessary or material witness for the plaintiff on the trial of the action. All concur. (The order granted an examination before trial in an action upon a fire insurance policy.)

Edward A. Norton, Respondent, v. Glens Falls Insurance Company, of Glens Falls, N. Y., Appellant.—Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on the ground that the moving papers fail to show any circumstances which render it necessary or proper to take Mr. Harvie's deposition as provided in section 288 of the Civil Practice Act, or that Mr. Harvie is a necessary or material witness for the plaintiff on the trial of the action. All concur. (The order granted an examination before trial in an action upon a fire insurance policy.)

In the Matter of the Application of William F. Mahan, Appellant, for an Order of Mandamus against Harlow E. Bacon, as Commissioner of Public Works of the City of Rome, N. Y., and Others, Respondents.— Order affirmed, with costs, on the opinion of McCurn, J., at the Special Term. [Reported in 154 Misc. 291.] All concur. (The order denies a motion for mandamus order to restore petitioner to position of caretaker of reservoir.)

Thomas Whittam, Appellant, v. The State of New York, Respondent. (Claim No. 18219.) — Judgment affirmed, with costs. A sufficient ground for