In the Matter of HAROLD J. HUBER, Petitioner, for a Mandamus Order against HENRY C. STEPHAN, as Mayor, and Others, Respondents.

Supreme Court, Erie County, June 29, 1935.

*Harry A. Kulowski*, for the petitioner.

*Levant D. Lester*, for the respondents.

SWIFT, J.   This is an application for a peremptory mandamus order to reinstate the petitioner as superintendent of public works of the village of Lancaster.   The petitioner was removed from his position without a hearing.   He is and has been for about two years a member of a volunteer fire department which is incorporated under the Membership Corporations Law of this State, and it is the petitioner's contention that he comes within the purview of section 22 of the Civil Service Law, which provides that those "who shall have served the term required by law in a volunteer fire department of any city, town or village in the state" cannot be removed from a position in the civil service except after a hearing, and to substantiate his position he cites the case of *Matter of Mahan* v. *Bacon* (154 Misc. 291; affd. on opinion below, 243 App. Div. 677).

In the *Mahan* case, as in the case at bar, the petitioner urged that inasmuch as the volunteer fire company of which he was a member was incorporated under the Membership Corporations Law, he was entitled to a hearing under subdivision 1 of section 22 of the Civil Service Law by virtue of section 114 of the Membership

Corporations Law. This section provides: " Every active fireman who shall be a member of a corporation subject to the provisions of this article, or who shall have served five years as a member of such a corporation and shall have been honorably discharged therefrom, shall be entitled to all the rights granted by law to volunteer firemen or to exempt firemen."

In the *Mahan* case the court held that there was no evidence that the company of which petitioner was a member was organized under the Membership Corporations Law, and this determination disposed of his claim, but the court went on to say: " It may very well be that there is not sufficient reason in justice and fairness to require a fireman, belonging to the class to which the petitioner belongs, to serve five consecutive years as a volunteer fireman in order to gain the benefits which a volunteer fireman, who is a member of a corporation organized under article 10 of the Membership Corporations Law apparently gains immediately upon his becoming a member of such corporation and without any regard to his length of service. These are statutory provisions, however, and must be applied and followed by the courts."

From this quoted paragraph the petitioner here contends that the court decided that had the petitioner in the *Mahan* case been a member of a company organized under the Membership Corporations Law he would have been entitled to the benefits given by section 22 of the Civil Service Law. With this contention I cannot agree. It may be that among some of the privileges given to volunteer firemen, section 114 of the Membership Corporations Law does give to a member of a corporation organized under article 10 of that law a privilege which can only be acquired by a fireman who has served five years in a company not so organized, but to hold that a member of a volunteer fire company organized under the Membership Corporations Law may have the benefits of section 22 of the Civil Service Law without regard to the time of his service as such fireman is to completely disregard the words " who shall have served the term required by law," in that section. If petitioner's contention is correct, a person who has been a member of a properly incorporated fire company for one day would be entitled to this privilege given to veterans and volunteer firemen who have served the term required by law. The term required by law to become an exempt fireman is five years, and that was the term which the Legislature had in mind when it framed section 22 of the Civil Service Law. To make section 114 of the Membership Corporations Law consistent with section 200 of the General Municipal Law, which defines an exempt volunteer fireman, it should be interpreted to mean that every active fireman who shall be a member

of a corporation subject to the provisions of article 10 of the Membership Corporations Law shall be entitled to all the rights granted by law to volunteer firemen, and those who shall have been honorably discharged therefrom shall be entitled to all the rights granted to exempt firemen. It is the exempt fireman who has " served the term required by law." Inasmuch as the moving papers show that the petitioner has not served five years, " the term required by law," he was not entitled to a hearing.

I am also of opinion that the position which petitioner held was a public office rather than a subordinate position, because the duties to be performed by the incumbent involved " the exercise of some portion of the sovereign power." (*People ex rel. Hoefle* v. *Cahill*, 188 N. Y. 489.) The question involved is discussed in *Matter of Naughton* v. *Boyle* (129 Misc. 867). In that case the position held by the petitioner was not created by act of the Legislature, and the law distinctly provided that all the functions performed by the petitioner were to be exercised by the board of trustees of the village. In the case at bar the Village Law provides (§ 84-a): " If the board of trustees shall appoint a superintendent of public works, such officer shall have all the powers, be subject to all the liabilities, and perform all the duties of the street commissioner," and the powers, liabilities and duties of the street commissioner are fixed by section 84 of the law. The fact that the superintendent of public works is also to perform such other duties as may be imposed upon him by the board of trustees does not change the fact that the Legislature has clothed the incumbent of the office with " some portion of the sovereign power," be that portion ever so small. The fact that the superintendent of public works is appointed by the board of trustees does not militate against the conclusion that he exercises sovereign power. (*People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495.)

The application for a mandamus order is denied, without costs.