The People of the State of New York ex rel. Charles
C. Robesch, Respondent, v. The President of the
Borough of Queens in the City of New York, Appellant.

Civil Service — Veterans — Removal — Notice That Employee
Is a Veteran Must Be Given to Superior if Statutory Privilege Is
to Be Claimed.    Where an appointee or employee in the civil service
becomes aware of the intention of his superior in office to take steps to
remove him from his position, it is incumbent upon him to make known
to such superior the fact that he claims to be an honorably discharged
soldier, sailor or marine of the Civil or Spanish war or has served the
required term in a volunteer fire department, if he desires to avail himself
of the statutory privilege reserved to such veterans, unless his status has
already been brought to the superior's attention.    The simple prior filing
by such an employee of an exempt volunteer fireman's certificate in the
office of the department of highways in the city of New York does not
constitute such notice to the president of the borough of Queens, since
the heads of departments in great municipalities should not be required to
search the files of the various public offices in order to ascertain the status
of subordinate employees, and it imposes no hardship on the employee to
claim his privilege plainly and expressly instead of relying upon notice by
implication.

*People ex 1el. Robesch* v. *President Bor. of Queens,* 121 App. Div. 229,
reversed.

(Argued January 6, 1908; decided January 21, 1908.)

Appeal from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
July 27, 1907, which reversed, on certiorari, the determina-
tion of the defendant in dismissing the relator from the
position of foreman in the department of highways of the
borough of Queen, and directed his reinstatement in such
position.

The facts, so far as material, are stated in the opinion.

*Francis K. Pendleton, Corporation Counsel (James D.
Bell* and *Edward Lazansky* of counsel), for appellant.    As
there was no proper allegation in the petition or proof given
that the relator was entitled to the protection afforded by
section 21 of the Civil Service Act, there was nothing to

review, and the writ should have been dismissed or the determination of the borough president confirmed. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92 ; *People ex rel. Lawson* v. *Coler,* 40 App. Div. 65 ; 159 N. Y. 569.)

*Harry C. Underhill* for respondent. The relator's allegation that he was a veteran exempt volunteer fireman and that his certificate as such veteran exempt was filed in the office of the department of highways in the city of New York on or about the 10th day of July, 1902, was a sufficient pleading of the statutory privilege. (*People ex rel. McDonald* v. *Clausen,* 50 App. Div. 286 ; 163 N. Y. 523 ; *Matter of Stutzbach* v. *Coler,* 168 N. Y. 416.)

WILLARD BARTLETT, J. This is a certiorari proceeding to review the action of the president of the borough of Queens, in the city of New York, in dismissing the relator from the position of foreman in the bureau of highways in that borough. His determination has been annulled by the Appellate Division on the ground that the relator was a veteran volunteer fireman, and was removed without being afforded such a hearing on notice and charges as is prescribed by law.

Section 21 of chapter 370 of the Laws of 1899, as amended by chapter 697 of the Laws of 1904, provides that no person holding a position by appointment or employment in the state of New York or in the several cities, counties, towns or villages thereof "who shall have served the term required by law in the volunteer fire department of any city, town or village in the state, or who shall have been a member thereof at the time of the disbandment of such volunteer fire department shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review by a writ of certiorari."

The return to the writ of certiorari in the present case shows that the relator appeared before the borough president at his office in Long Island City on the 16th day of December,

1908.] People ex rel. Robesch *v.* President, etc.    499

N. Y. Rep.]   Opinion of the Court, per Willard Bartlett, J.

1905, and was informed that he had been brought there to be given a hearing on charges made against him as a foreman in the department of highways. He was asked whether he had anything to say and responded that he would like to have counsel present. He was informed that counsel were not required. He then stated that he would like to have a copy of the charges. This request was not complied with, but the borough president called his attention to a report apparently made by an officer in his department charging the relator with negligence in the performance of his duties by reason of absence from places where he had been assigned to work on three days which were specified in the report. The relator was asked whether he had anything to say about the statements in this report and he answered "nothing." His attention was then called to an affidavit made by a laborer in the department which stated that he had willfully neglected to perform his duties and that the affiant had seen him only occasionally and then on pay day. The relator stated that he was not guilty of this charge; and again being asked whether he had anything to say in relation to the charges again answered "nothing" — adding that he would like to have a copy of the charges and an adjournment, which request was refused.

There is no evidence or intimation anywhere in the record that the relator ever informed the borough president that he was a veteran volunteer fireman or that the borough president had any knowledge of that fact, if it was a fact, unless such evidence be found in the following allegation in the petition for the writ of certiorari: " Third — that your petitioner is also a veteran exempt volunteer fireman; that his certificate as such veteran exempt was duly filed in the office of the Department of Highways of the City of New York on or about the 10th day of July, 1902."

Was the filing of the certificate thus mentioned sufficient to charge the borough president with notice of the fact that the relator was entitled to the protection of the statutory provision which has been quoted? I think not. I understand the rule now to be well established that where an appointee

500    People ex rel. Robesch *v.* President, etc.    [Jan.,

Opinion of the Court, per Willard Bartlett, J.    [Vol. 190.

or employee in the public service becomes aware of the intention of his superior in office to take steps to remove him from his position, it is incumbent upon such subordinate to make known to his superior the fact that he claims to be a veteran soldier, sailor or fireman if he desires to avail himself of the statutory privilege reserved to such veterans, unless his status has already been brought to the knowledge of the officer vested with the power of removal. The relator in the present case appears to have said nothing on the subject when he was brought before the borough president. The contents of the certificate which he alleges had previously been filed with the department of highways were not full enough to show that he came within the purview of the statute. To say that one is " a veteran exempt volunteer fireman " is very far from saying that he has served the term required by law in the volunteer fire department of a city, town or village in the state. For all that appears the service of the relator as a fireman may have been outside the state of New York. But even if it be assumed that the certificate fully set forth facts bringing the relator within the terms of the statute, I am not prepared to say that the simple filing thereof constituted notice to the borough president of the relator's claim. It is not suggested nor does it appear that there is any provision of law requiring or permitting the filing of a certificate of this character, and hence it cannot be deemed in any sense a public record. It would be requiring too much of the heads of departments in a great municipality like the city of New York, employing thousands of persons in its service, to search the files of the various public offices in order to ascertain whether its servants were or were not veteran soldiers, sailors or volunteer firemen. It is imposing no hardship on a veteran, when acquainted with the fact that his removal is in contemplation, to claim his privilege plainly and expressly instead of relying upon notice by implication. Mr. Justice Ingraham, writing for the Appellate Division in the first department in *People ex rel. McDonald* v. *Clausen* (50 App. Div. 286), said : " To charge a public official with notice of the fact that

his subordinate employees are honorably discharged veterans requires that a distinct notice shall be given to the official in relation to the status of the employee as regards the office or employment which he holds or a record in the department from which that fact can be ascertained." I think that this is a correct statement of the law on this subject, provided it is understood that by a record is meant a record provided for by law. The certificate relied upon in the present case, assuming it to contain all that the petition says it did, was nothing more than the statement of a conclusion insufficient to show that the relator was embraced within the class protected by the statute. (See *People ex rel. Lawson* v. *Coler*, 40 App. Div. 65; affirmed on opinion below, 159 N. Y. 569.)

The order of the Appellate Division should be reversed and the determination of the borough president affirmed, with costs in this court.

Cullen, Ch. J., Gray, Vann, Werner, Hiscock and Chase, JJ., concur.

Ordered accordingly.