KNAPP v. DUFFEY, State Commissioner of Highways.

(Supreme Court, Appellate Division, Third Department.  November 10, 1915.)

OFFICERS ☞76—CIVIL SERVICE—COMPENSATION—ESTOPPEL.

Relator, appointed after civil service examination as a highway inspector, and who filed a certificate with the state highway department showing that he was an honorably discharged veteran of the Spanish-American War, and under Civil Service Law (Consol. Laws, c. 7) § 22, entitled to a hearing upon charges before he could be removed, and who, on a hearing on charges held June 25, 1914, was dismissed the following day, and who then gave no notice of his right to a hearing and who on giving notice thereof on October 6, 1914, was reinstated, and who did not report, but applied for mandamus to reinstate him as of the day of his discharge, with compensation for the intervening time had not acted in such good faith as to entitle him to such relief; the mere filing of the certificate soon after assuming his office being immaterial, as actual notice to the officer having the power of removal was necessary.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 108;  Dec. Dig. ☞76.]

Appeal from Special Term, Albany County.

Application by Harry A. Knapp for a writ of mandamus against Edwin Duffey, as State Commissioner of Highways of the State of New York.  From an order granting a peremptory writ, the defendant appeals.  Order reversed, and writ dismissed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Egburt E. Woodbury, Atty. Gen. (Edward G. Griffin, Deputy Atty. Gen., of counsel), for appellant.
Joseph L. Delaney, of Albany, for respondent.

WOODWARD, J.  The relator passed the civil service examination on the 30th of June, 1906, and in the following year was appointed

highway inspector by the state engineer. He was subsequently transferred to the highway department, and in November, 1909, he appears to have filed a certificate with that department, showing that he was an honorably discharged veteran of the Spanish-American War, and which would entitle him to a hearing upon charges before he could be removed from such position. On the 14th day of May, 1914, the relator made a voucher for alleged expenses, which the department considered false and unwarranted, and on the 25th day of June, 1914, he was called before the then state commissioner of highways, John N. Carlisle, and given an opportunity of explaining the transaction. This examination or hearing not resulting in a satisfactory explanation, the relator was dismissed from the service of the highway department on the 26th day of June, 1914. Neither upon the occasion of his being called upon to explain the voucher, nor upon his dismissal, did the relator give any notice of the fact that he was a Spanish-American War veteran. On or about the 6th day of October, 1914, the relator gave notice that he was a veteran entitled to preferential consideration, and he was thereupon reinstated and directed to report for service. He did not report for service, but on the 26th day of October moved the court for an order to show cause why a peremptory writ of mandamus should not issue commanding his reinstatement as of the 26th day of June, 1914, together with compensation at the rate of $4.50 per day for the time intervening between his discharge and the date at which the department reinstated him.

It will thus appear that the relator remained entirely passive, discharging no duties, from the 26th day of June to the 26th day of October, 1914, a period of four months, and that from the 26th day of June to the 6th day of October, he never mentioned to any one within the highway department, so far as appears, that he was entitled to the protection afforded to those who come within the provisions of section 22 of the Civil Service Law. When, on the 6th day of October, he announced his rights as a veteran, he was promptly reinstated and directed to report for work; but even then he refused to accept the reinstatement, but delayed for a period of 20 days, and then sought, by this proceeding, to impose upon the state the burden of his salary, for which he had performed no services, and which he had not tendered. The relator has failed to show any moral obligation on the part of the state to pay for his services for the four months intervening between his discharge and the instituting of this proceeding. He has not discharged the obligation, which inheres in all contract relations, of acting in good faith. If improperly discharged, it was the duty of the relator to at once notify the highway department officials of his rights as a veteran, and thus to make the damages as small as possible by permitting his reinstatement. Of course, if the highway department, knowing the facts, refused to give him his rights, he would be entitled to recover during the time that his rights were thus interfered with; but, in the absence of actual knowledge, we think the law is well established that the relator is not entitled to the relief which he is here demanding. There is no statutory provision, to which our attention is called, which provides for the filing of a notice such as the relator

claims to have placed with the highway department; and the case of People ex rel. Robesch v. President, etc., 190 N. Y. 497, 83 N. E. 597, clearly holds that in the absence of such a statute the mere filing of a certificate is of no importance. Actual notice to the officer having the power of removal is necessary.

While the relator appears to have moved for the order to show cause upon the last day of the fourth month from the date of his dismissal, the record does not disclose when such order was served, and the application for the writ was made at the Albany Special Term on the 14th day of November, 1914. Under the circumstances of this case, we are of opinion that the relator is not entitled to the remedy here invoked. People ex rel. Young v. Collis, 6 App. Div. 467, 39 N. Y. Supp. 698.

The order appealed from should be reversed, with $10 costs and disbursements, and the writ dismissed. All concur.