PEOPLE ex rel. LEE v. ADAMSON, Fire Com'r.

(Supreme Court, Appellate Division, Second Department. February 11, 1916.)

1. MUNICIPAL CORPORATIONS ⚙︎≈198—DISCHARGING FIREMAN—CERTIORARI—WRIT—CONCLUSIVENESS.

On certiorari by relator to review the action of the fire commissioner discharging him from the service as a lineman, the court cannot go outside the facts embodied in the return, and against its denials accord relator the status of a discharged volunteer fireman.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 540–545; Dec. Dig. ⚙︎≈198.]

2. MUNICIPAL CORPORATIONS ⚙︎≈198—DISCHARGING FIREMAN—FILING CERTIFICATE OF DISCHARGE AS VOLUNTEER—EFFECT.

Where such relator filed a certificate of his discharge as a volunteer fireman, but did not bring his claim as such to the personal attention of the commissioner when threatened with discharge, such mere filing did not confer upon relator the statutory privilege of a veteran.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 540–545; Dec. Dig. ⚙︎≈198.]

3. MUNICIPAL CORPORATIONS ⚙︎≈198—DISCHARGING FIREMAN—CERTIORARI.

Where it appeared that such relator was allowed an opportunity of making an explanation within Greater New York Charter (Laws 1901, c. 466) § 1543, and that he merely filed his certificate of discharge as a volunteer fireman, without bringing to the attention of the commissioner his claim of the statutory privilege as a discharged volunteer fireman, the determination of the commissioner removing him was not reviewable by certiorari.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 540–545; Dec. Dig. ⚙︎≈198.]

Certiorari by Harry P. Lee to review determination of Robert Adamson, Fire Commissioner of the City of New York, discharging relator, a lineman in that department, after a hearing on charges. Writ dismissed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and PUTNAM, JJ.

Alfred J. Talley, of New York City (Denis R. O'Brien, of New York City, on the brief), for relator.

Frank Julian Price, of Brooklyn (Frank L. Polk, of New York City, and Thomas F. Magner, of Brooklyn, on the brief), for respondent.

PER CURIAM. [1, 2] As the court cannot go outside the facts embodied in the return (People ex rel. Miller v. Wurster, 149 N. Y. 549, 44 N. E. 298; People ex rel. Lester v. Eno, 176 N. Y. 513, 68 N. E. 868), we could not, against the denials in the return, accord to relator the status of a discharged volunteer fireman. Merely filing a cer-

⚙︎≈For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tificate of discharge, without bringing the applicant's claim to the commissioner's personal attention, would not confer the statutory privilege of a veteran. People ex rel. Robesch v. President, 190 N. Y. 497, 83 N. E. 597; Matter of Knapp v. Duffey, 169 App. Div. 794, 155 N. Y. Supp. 818. The relator has been "allowed an opportunity of making an explanation" (Greater New York Charter, § 1543), and a statement of the reasons for his removal has been filed in the department. Such grounds are real and substantial. Matter of Griffin v. Thompson, 202 N. Y. 104, 95 N. E. 7.

[3] The determination of the commissioner, being within his statutory powers of removal, is not reviewable by certiorari. People ex rel. Kennedy v. Brady, 166 N. Y. 44, 59 N. E. 701.

The writ is therefore dismissed, with $50 costs and disbursements.