In the Matter of the Application of AXEL MORGAN, Respondent, for an Order of Certiorari against CLYDE D. SMITH, Chief of Police, Appellant, Impleaded with CITY OF JAMESTOWN, Defendant.

Fourth Department, June 29, 1928.

*J. Russell Rogerson, Corporation Counsel,* for the appellant.

*Michael D. Lombardo,* for the respondent.

SAWYER, J.   Petitioner is a former policeman of the city of Jamestown in the county of Chautauqua.   The appellant, as chief of police of that city, filed charges against him with the mayor, demanded a hearing thereon and that, if they were sustained, petitioner be removed from his office.

Thereupon a hearing was had before the mayor, at which petitioner duly appeared accompanied by counsel.   The testimony of various persons, including petitioner, was taken and the matter finally submitted.

Some time later the mayor made and filed findings of fact which determined petitioner's guilt on some of the charges preferred as well as of certain others not included in those filed and recommended that he be removed from the police force.

These findings and recommendation were transmitted to appellant as such chief of police, who on the same day summarily discharged petitioner.   Petitioner then procured an order in certiorari, directing appellant, as chief of police, Samuel A. Carlson, as mayor of the city of Jamestown, and the city itself to certify their proceedings in the premises for a review by this court.   The mayor and the city moved to dismiss the order on the ground that they were not proper parties to the proceedings, while the appellant Smith made an independent motion to the same effect and on the additional ground that petitioner's remedy was by mandamus rather than by certiorari.

Section 65 of the Nineteen Hundred and Twenty-three Charter of the City of Jamestown (Laws of 1923, chap. 665) provides that the chief of police " shall have the power to suspend from office and to remove from the force any police officer who is incompetent, guilty of neglect of duty, misconduct in office, or who for other

reason is a bar to the efficiency and discipline of the police force, and which removal shall be subject to civil service laws and under the regulations of the local civil service commission."

The local civil service commission had prior to these events put into operation a resolution reading:

" *First*, that the mayor of the city of Jamestown is hereby designated to hear and determine the facts, and to put forthwith his findings in writing to the chief of police of the city of Jamestown with respect to any charges preferred against any police officer of the city of Jamestown; and

" *Second*, that the said mayor of the city of Jamestown shall give reasonable notice to the police officer who shall have been suspended or against whom charges have been made, of the time and place of hearing, at which hearing said police officer shall be permitted to appear in person and by counsel and to present witnesses in his defense."

When the motion to dismiss the order of certiorari came on for hearing it was conceded that this resolution was wholly unauthorized and void as being in conflict with the quoted section of the charter vesting the power of suspension and removal in the chief of police exclusively, subject only to the laws protecting employees in the civil service.

Section 22 of the Civil Service Law (as amd. by Laws of 1924, chap. 612) makes no provision for a hearing for a discharged employee except he be an honorably discharged soldier as prescribed in said section or shall have served five years in the volunteer fire department of some city, town or village of this State or have been a member of such fire department at the time of its disbandment.

The illegality of the proceeding sought to be reviewed being conceded, the learned justice at Special Term dismissed the order as against the mayor on the ground that there was no valid determination to review. He likewise dismissed it as against the city because the city itself had performed no judicial functions, made no judicial decision and, were that otherwise, its conduct cannot be reviewed by certiorari. Inasmuch, however, as the chief of police was given power by the statute to discharge petitioner, and having done so, it was held he could not escape responsibility and the order was sustained against him for a review of his acts in that regard, notwithstanding the admitted irregularity underlying his action.

We are of the opinion that the order also should have been dismissed as against him. Section 22 of the Civil Service Law provides that any employee within its protection, who deems himself aggrieved by a dismissal may review the action by writ of

mandamus; it also provides that employees, falling within the classes entitled to a hearing of the charges against them, may review by certiorari; the plain import is that unless within the excepted classes petitioner can obtain redress only by mandamus.

The law is " well established that where an appointee or employee in the public service becomes aware of the intention of his superior in office to take steps to remove him from his position, it is incumbent upon such subordinate to make known to his superior the fact that he claims to be a veteran soldier, sailor or fireman if he desires to avail himself of the statutory privilege reserved to such veterans, unless his status has already been brought to the knowledge of the officer vested with the power of removal." (*People ex rel. Robesch* v. *President, etc.,* 190 N. Y. 497.)

The case contains nothing to show that knowledge of petitioner's claimed status as an exempt fireman was brought to the attention of his superior other than that, during the unauthorized hearing before the mayor, petitioner testified that, before becoming a member of the police force, he had been a fireman for five years and three months. This does not serve the required purpose. No fireman falls within the enumerated exception of the statute unless he be either an exempt *volunteer* fireman or a member of a *volunteer* fire department at the time of its disbandment. That was not his evidential statement. For all that appears his service may have been that of an employee in a paid fire department, a status not within the beneficial provision of the statute. The full and exact facts must be made known to the superior officer and the burden of making them so known rests on the claimant. . (*People ex rel. Robesch* v. *President, etc., supra.*) Moreover, before the court can be called on to review by certiorari in these cases the allegations of the petition must show the applicant to be entitled to that particular remedy.

As has been pointed out, the relief ordinarily extended is by way of mandamus, and unless the cause is shown to fall within the statutory exemption the aggrieved employee has no other relief.

The petition itself, therefore, must show the jurisdictional fact that the petitioner falls within one or the other of the favored classes. (*People ex rel. O'Brien* v. *Porter,* 90 Hun, 401; *People ex rel. Lawson* v. *Coler,* 40 App. Div. 65; *People ex rel. Robesch* v. *President, etc.,* 121 id. 229; revd., on another point, 190 N. Y. 497.) No attempt is made by petitioner to bring himself within the rule. Neither the petition nor the certiorari order contains any reference to his claimed status as an exempt fireman or contains the allegations required to entitle him to this remedy under the provisions of section 22 of the Civil Service Law.

Suggestion has been made that the court is empowered nevertheless to treat the proceeding as one in mandamus. Assuming, without deciding, that such a power exists, it cannot be here exercised. By selecting certiorari as his remedy, petitioner elected to stand on his claimed rights as an exempt fireman, and the same obstacle that he has already met again confronts him. It has been held that in that proceeding, as well as in certiorari, a volunteer fireman is not protected from removal unless that fact is alleged in his alternative writ seeking reinstatement, and without such an allegation a peremptory writ reinstating him cannot issue. (*People ex rel. Fogarty* v. *Cassidy*, 118 App. Div. 693; affd., 196 N. Y. 568.) This proceeding was undisputedly begun to review an action that had no stamp of legality whatsoever and has failed; to now give it a new life by transforming it into one of an entirely different character and thus enable petitioner to review the final act in the illegal attempt to remove him, under a petition never so intended, would, even if within our power, be, as we believe, an abuse of discretion.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the order in certiorari against appellant dismissed, with fifty dollars costs and disbursements.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Order reversed on the law, with costs, and order of certiorari dismissed, with fifty dollars costs and disbursements to the appellant.