In the Matter of IRVING R. BROWN, Respondent, against
FREDERICK S. GREENE, as Superintendent of Public
Works of the State of New York, et al., Appellants.

(Argued October 9, 1935; decided November 19, 1935.)

*John J. Bennett, Jr., Attorney-General (Henry Epstein and Patrick H. Clune* of counsel), for appellants. The suspension of petitioner, his demotion in position and reduction in salary, because of lack of work, lack of funds, and inefficiency, were necessary, proper and legal. (Opinion of Attorney-General, 1932, p. 212.)

*John T. De Graff* for respondent. Changes which constitute reductions or demotions in title or salary without regard to seniority are illegal unless authorized by the Legislature. (*Thoma* v. *City of New York,* 263 N. Y. 402; *Walters* v. *City of New York,* 190 N. Y. 375; *People ex rel. Callahan* v. *Board of Education,* 174 N. Y. 169; *Matter of McCarthy* v. *Board of Education,* 106 Misc. Rep. 193; *People ex rel. Satterlee* v. *Board of Police,* 75 N. Y. 38; *People ex rel. Strahan* v. *Feitner,* 49 App. Div. 101; *Matter of Hurlbut,* 88 Misc. Rep. 679; *Skrocki* v. *Greene,* 242 App. Div. 226; *Matter of Albert* v. *Board of Education,* 264 N. Y. 613.)

HUBBS, J. The same questions are presented in this case as in *Matter of Sanger* v. *Greene* (269 N. Y. 33, decided herewith.) There is also another question involved which necessitates a reversal in this case. Petitioner was appointed an architectural draftsman or designer in grade 7 in the Department of Public Works on January 31, 1930, at a salary of $3,800 per year, as the result of a competitive examination. On July 1, 1931, while still in grade 7, his salary was reduced to $3,500 per year. The minimum salary in grade 7 as established by the State Civil Service Commission was $3,240, no maximum. July 1, 1932, his salary was again reduced to $3,000

per year. Such reduction demoted him from grade 7 to grade 6, under the title of assistant architect. Later his title became that of senior architect but he was not given the salary of a senior architect which would have placed him in grade 7. The reduction of salary from $3,500 annually to $3,000 annually and the change of title constituted more than a transfer as to duties in the same grade at a reduced salary. The transfer from a higher to a lower grade at a reduced salary below the minimum salary of the higher grade constituted a demotion. (*Thoma* v. *City of New York*, 263 N. Y. 402.)

Petitioner does not complain in this proceeding about being demoted from grade 7 to grade 6, but asks to be restored to his position in grade 6.

It may be if his juniors in service in grade 6, performing like duties, have been retained and he has been relieved, the retention of his juniors violated his seniority rights and he is entitled to be reinstated. (*Matter of Schaefer* v. *Rathmann*, 237 App. Div. 491; affd., 262 N. Y. 492.)

The petitioner alleges that he performed the same duties as did three senior architects, grade 7, who were retained in the service. He has not alleged nor does he prove that he performed the same duties as did six assistant architects, grade 6, whose retention in service has been held by the courts below to be a violation of the seniority rights of petitioner. As determined in *Matter of Sanger* v. *Greene*, decided herewith, it is essential in a proceeding of this nature that there be proof as to similarity of duties of positions in different classes within a salary grade before mandamus can be granted for an alleged violation of seniority rules.

The orders should be reversed and the petition dismissed, without costs. (See 269 N. Y. 613.)

LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur; CRANE, Ch. J., dissents.

Orders reversed, etc.