In the Matter of the Application of THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property of and Rehabilitate the BOND AND MORTGAGE GUARANTEE COMPANY, Respondent. In the Matter of a Plan of Readjustment, etc., Covering Premises 8860 and Others — 239th Street, Creedmore, Queens, Guarantee No. 150479, Plan No. 787. In the Matter of the Application of MURRAY M. COWEN, an Attorney, for Compensation for Legal Services Rendered This Estate, Appellant.— Order denying appellant's application for compensation for legal services rendered as attorney for trustees appointed in pursuance of a plan for reorganization of the interests of certificate holders in outstanding bonds and mortgages reversed on the law and the facts, without costs, but with disbursements, and motion granted to the extent of providing for compensation in the sum of $100, without costs, but with disbursements. We are of opinion that the services rendered in connection with the foreclosure proceeding were incident to legal proceedings within the meaning of the trust agreement and that the aforesaid sum is reasonable compensation therefor. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

In the Matter of the Application of MICHAEL SULLIVAN, Petitioner, for an Order of Certiorari to Review Certain Acts of THOMAS J. TUNNEY and Others, as Police Commissioners of the Port Washington Police District, and STEPHEN J. WEBBER, as Chief of Police, Respondents.— In a certiorari proceeding to review the determination of the police commissioners of the Port Washington police district, removing the petitioner as a police officer, determination unanimously confirmed and certiorari proceeding dismissed, without costs. In our opinion, the petitioner, by his failure to claim, prior to or upon the hearing before the commissioners, his now asserted veteran status as an honorably discharged sailor who served in the World war (Civil Service Law, § 22), thereby waived that status, was not entitled to the benefits thereof (Id.) and was removable from his position at the pleasure of the commissioners. Furthermore, if we assume that the petitioner had such status and was entitled to the benefits thereof, his removal followed a hearing before the commissioners upon due notice upon stated charges, within the purview of section 22 of the Civil Service Law, and the evidence was sufficient to warrant his removal. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.