In the Matter of the Application of LEO SIEGEL, Petitioner, against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, JAMES E. FINEGAN, President, and Others, Constituting the Municipal Civil Service Commission of the City of New York, and FRANK J. TAYLOR, as Comptroller of the City of New York, Respondents.*

Supreme Court, Trial Term, New York County, January 11, 1937.

*Abraham J. Rosenblum*, for the petitioner.

*Paul Windels, Corporation Counsel* [*Cyrus C. Perry*, of counsel], for the respondents.

* Affd., 257 App. Div. 821.

MILLER, J.   This is a trial pursuant to an alternative order of mandamus entered herein on April 29, 1935.   The petitioner claims seniority of service over one Caspar.   Raffin was at the head of the civil service list from which petitioner was appointed.   The petitioner received his permanent appointment in October, 1921; and Raffin received his permanent appointment on June 28, 1921. Petitioner, therefore, had no seniority rights over Raffin.   The temporary appointment of petitioner in February, 1921, is of no avail to him.   (*Koso* v. *Greene*, 260 N. Y. 491.)   The petitioner, however, had seniority rights over Caspar, who received his permanent appointment on November 16, 1923.   The notice of examination of the municipal civil service commission taken by the petitioner made no announcement of the duties of mechanical draftsman.   The petitioner testified that from the early part of 1931 until September, 1932, his work consisted in making plans for the heating and ventilation of the Brooklyn Technical High School and the layout of the equipment and apparatus in the shops of the school, and that prior to 1931 he made plans of various types in the heating and ventilating division and at times also worked on plans for shops in the schools.   He also testified that on some occasions he prepared some specifications, and that at no time did he prepare a complete set of specifications; that Caspar was made a foreman in 1928, and that the duties of Caspar were to supervise the work of men under him, and that the petitioner worked under Caspar; that the plans prepared by the petitioner had to be submitted to Caspar for approval.   The petitioner also testified that Raffin was at all times engaged in writing heating and ventilating specifications for various schools.

It is conceded that in September, 1932, and for some time prio thereto, the salary of the petitioner was $3,600, and that of Caspar and Raffin was $4,200.

The petitioner was a war veteran.   In September, 1932, shortly after he was laid off, he called upon the secretary of the board of education and asked why he had been laid off as he was senior to the others who had been retained.   The record does not disclose that at any time prior to the trial did the petitioner assert that he was a war veteran and claim or protest that by reason thereof he was entitled to be retained in the city service.   His original petition herein for a mandamus was not based on that ground.   " It is the duties of a position which constitutes the basis of classification within a grade in so far as seniority rule is concerned."   (*Matter of Sanger* v. *Greene*, 269 N. Y. 33, at p. 43.)

In *Matter of Sanger* v. *Greene* (*supra*, at p. 44) the court said: " While all of the employees in a certain salary grade may originally

be taken into that grade through the possession of like qualifications and as a result of similar tests, upon their induction into the service they may be assigned to work entirely different in character as between particular positions occupied, and may possess certain personal qualifications and characteristics which are recognized by their superiors as fitting them for the particular positions to which they are assigned. While it is undoubtedly proper that seniority rights should be observed where the duties of positions actually occupied are similar, it does not follow that those rights should be permitted to be exercised where the duties of positions differ, though within the same salary grade."

" It is essential in a proceeding of this nature that there be proof as to similarity of duties of positions in different classes within a salary grade before a mandamus can be granted for an alleged violation of seniority rules." (*Matter of Brown* v. *Greene*, 269 N. Y. 45, at p. 47.)

There is no evidence that the duties of the position of the petitioner are the same as those of the position of Raffin or Caspar. The evidence here is to the contrary. The petitioner's services as a mechanical draftsman were dispensed with on September 1, 1932. The petition for a mandamus was served on February 28, 1935, two and a half years thereafter. The petition was noticed for trial for February, 1936, almost one year after it was served. Application for a preference was made in September, 1936, which was four years after the petitioner was suspended from service. " Mandamus requires acting without delay — an alert attention to an asserted claim." (*Thoma* v. *City of New York*, 263 N. Y. 402, at p. 407.) No adequate explanation or excuse for his extraordinary delay in commencing this proceeding or for his failure to assert his claim as a war veteran has been offered. Under the circumstances the delay of two and a half years in commencing this proceeding, coupled with the additional delay in noticing the proceeding for trial and in applying thereafter for a preference, and his failure to assert his claim as a war veteran until the trial of this proceeding, constitutes laches. (*Thoma* v. *City of New York, supra; Matter of Wallace*, 246 App. Div. 779; *People ex rel. Robesch* v. *President*, 190 N. Y. 497; *Matter of Phillips* v. *Kaplan*, 266 id. 514; *Matter of Barmonde* v. *Kaplan*, Id. 214; *Matter of McMaster* v. *Harvey*, 239 App. Div. 553; affd., 265 N. Y. 555.)

The original petition for a mandamus was based solely upon the alleged violation of the provision requiring suspension from service in the inverse order of the original appointment contained in section 31 of the Civil Service Law. This petition contained no allegation that the petitioner was a war veteran. Though it was

amended upon the trial in this respect, there is no allegation in the petition nor was there any proof upon the trial that there was any vacancy in the city service which the petitioner was fitted to fill, and for which there was an appropriation to cover it. (*Matter of Danker* v. *Department of Health*, 266 N. Y. 365, at p. 370.) The application for a mandamus was not made upon the ground that the petitioner was a war veteran, and the order directing the issuing of an alternative writ of mandamus was not based upon that ground. Verdict is directed for the respondents, and the petition is dismissed, without costs. Exception to the petitioner.