In the Matter of the Application of CLINTON R. PLACE, Respondent, for a Mandamus Order against GEORGE M. ESTABROOK, as Mayor, and ROBERT K. NIDDRIE and Others, as Trustees, Together Constituting the Board of Trustees of the Incorporated Village of Hempstead, County of Nassau, State of New York, Appellants, and Others, Defendants.— Order granting petitioner's application for a peremptory order of mandamus directing his reinstatement as plumbing inspector of the village of Hempstead, and directing that the salary of the position be paid to him, reversed on the law and not in the exercise of discretion, and the motion denied, without costs. Petitioner was not entitled to the benefits of section 22 of the Civil Service Law. It is undisputed that the petitioner did not inform the appellants, prior to the time he was superseded in the position of plumbing inspector, that he was an exempt volunteer fireman. It is also undisputed that he interviewed each of the appellants before April 5, 1937, in connection with seeking "reappointment" for the following year, and on that occasion, knowing his removal was imminent if his prior employment was not for a fixed term, he made no assertion that he was entitled to the privileges of an exempt volunteer fireman. (*People ex rel. Robesch* v. *President, etc.*, 190 N. Y. 497, 499; *Matter of Sullivan* v. *Tunney*, 248 App. Div. 779; *Matter of Wallace* v. *McElligott*, 249 id. 753; *Matter of Byrne* v. *Kaplan*, 238 id. 806.) This view, of course, assumes, although it does not affirmatively appear, that during the period of his membership in the volunteer fire company he in fact actually performed services as a fireman. *Matter of Brown* v. *Stephan* (245 App. Div. 588) is not to the contrary. There the village had actual knowledge of the exempt fireman's status, it having, previous to his removal, furnished him with a certificate that he was entitled to the privileges of an exempt fireman. Hagarty, Carswell, Davis, Johnston and Adel, JJ., concur.

WILLIAM JORDAN, Appellant, v. STEEL & TUBES, INC., and FRANCIS W. PFEIFER, Respondents.— In this negligence action, order setting aside the verdict of the jury awarding the plaintiff damages in the sum of $25,000, and granting a new trial, reversed on the facts, with costs, and motion denied, provided that within ten days from the entry of the order hereon plaintiff stipulate to reduce the verdict to $15,000; in which event the verdict as so reduced is reinstated and judgment directed to be entered thereon, with costs. In default of so stipulating, the order is unanimously affirmed, with costs to respondents. We are of opinion that the verdict of $25,000 is excessive. Hagarty, Carswell, Johnston, Adel and Taylor, JJ., concur.