In the Matter of ALBERT E. LOEFLER, Petitioner, against YOUNGER L. POWER, as President or Mayor of the Village of Ilion and as President of the Board of Trustees, et al., Respondents.

Supreme Court, Special Term, Herkimer County, April 12, 1950.

*Fred J. O'Donnell* for petitioner.

*Ralph A. Peters* and *Bartle Gorman* for respondents.

MALPASS, J. The petitioner, Albert E. Loefler, has brought this proceeding under article 78 of the Civil Practice Act in which he seeks an order directing the respondents, president and members of the village board of trustees of the village of Ilion, to reinstate the petitioner to a position which he held in the village service, which position was abolished by the village trustees. The petitioner claims to be an exempt volunteer fireman within the meaning of the General Municipal Law (art. 10) and asserts that the abolition of the position on the alleged ground of economy was not made in good faith and that it was tantamount to removing him from his position without a hearing in violation of the provisions of section 22 of the Civil Service Law.

The respondents have interposed an answer denying generally the allegations of the petition and asserting that this proceeding is barred by the four months' Statute of Limitations applicable to such a proceeding as provided in section 1286 of the Civil Practice Act and also assert that the original appointment of the petitioner was illegal and, therefore, the petitioner acquired no rights under the Civil Service Law.

A trial of the issues presented by the petition and answer has been held, as the result of which, the following facts are found, by the court, to have been established. On May 23, 1945, the board of trustees of the village of Ilion passed a resolution appointing the petitioner as "foreman of the garbage and ash collection * * * said appointment to become effective May 28, 1945". Thereafter the village clerk of the village of Ilion notified the Herkimer County Civil Service Commission of the appointment of the petitioner and petitioner filed with Herkimer County Civil Service Commission an application for employment as prescribed by the rules of that commission. The Herkimer County Civil Service Commission in July, 1945, allocated the position to the noncompetitive class under the title, " Motor Equipment Operator ", and approved the appointment of the petitioner to such position. Thereafter the petitioner was carried on the payrolls of the village as a motor equipment operator and from time to time during the course of his employment by the village, the Herkimer County Civil Service Commission approved the village payrolls containing his name and salary, which payrolls were submitted to the commission by the clerk of the village of Ilion as required by law and the rules of the commission. The petitioner continued in the employment of the village until March 15, 1949, when the village board of trustees passed the following resolution, " Motion made by Trustee Urtz and seconded by Trustee Fifield that as an economy measure the office of Sanitation Foreman be abolished and that Mr. Loefler be granted two weeks severance salary ". This seems to be first reference to the position held by the petitioner as "Sanitation Foreman" but it clearly appears that it was the intention of the village board of trustees to abolish the position held by the petitioner. On March 15, 1949, the petitioner was paid an annual salary of approximately $3,700 per year. Another employee, a laborer, was given an increase of approximately $8 per week to keep a record of the time of village employees engaged in the work of removing ashes and garbage after the abolition of the position held by the petitioner. There was, therefore, an economy of approximately $3,300 effected by the abolition of the position held by the petitioner. The petitioner made no complaint or objection to the abolition of the position until July 15, 1949, when, through his attorney, he notified the respondents of the fact that he was an exempt volunteer fireman and demanded that he be reinstated to his position in the village service or that he be transferred " to such branch of the service for duty in such posi-

tion as he may be fitted to fill receiving the same compensation therefor.'' The respondents took no action in regard to the demand of the petitioner.

The original appointment of the petitioner, in my opinion, was legal. The village board of trustees no doubt had authority to create such a position and the appointment of the petitioner to the position was subject to the approval of the Herkimer County Civil Service Commission. The commission acted within its authority in determining the position to be in the noncompetitive class and in designating it as motor equipment operator regardless of the title given the position by the village board of trustees. The commission duly approved the appointment of the petitioner to the position and for a period of years approved village payrolls containing the name of the petitioner.

The respondent's claim that the petitioner is guilty of laches and that this proceeding is barred by reason of the four months' Statute of Limitations contained in section 1286 of the Civil Practice Act cannot, in my opinion, prevail. If the petitioner were illegally deprived of his rights by reason of the action of the village board of trustees in abolishing the position held by him, he could bring this proceeding to review the board's action at any time within four months after the refusal of the village board to reinstate him or to transfer him to some other position. There is no evidence of any such refusal. (*Matter of Williams* v. *Morton,* 297 N. Y. 328; *Matter of O'Connell* v. *Kern,* 287 N. Y. 297.)

The decision of this case rests primarily upon the question of whether or not the village board of trustees acted in good faith when they adopted the resolution of March 15, 1949. Subdivision 1 of section 22 of the Civil Service Law provides that '' If the position so held by any such honorably discharged soldier, sailor, marine, or member of the army nurse corps, or navy nurse corps (female) or exempt volunteer fireman *shall become unnecessary or be abolished for reasons of economy* or otherwise, the said honorably discharged soldier * * * or exempt volunteer fireman holding the same shall not be discharged from the public service but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective.'' (Italics supplied.) There is no evidence which would justify a conclusion by this court that the village board of trustees did not act in good faith or that the resolution passed by them ·abolishing the

position of the petitioner was not in fact adopted as an economy measure. The evidence shows that no other person was appointed to fill the position of the petitioner. The payroll of the department on which petitioner's name was carried prior to April 1, 1949, contained the names of nine village employees including the name of the petitioner. Payrolls for later dates show eight names constituting the entire roster of that department and other evidence establishes that a portion of the work performed by the petitioner, namely, keeping the time of the employees engaged in ash and garbage collections was assigned to another employee who was paid an increase of approximately $8.00 per week for the performance of these additional duties and that the total amount of such payroll was substantially reduced. This certainly disposes of the contention of the petitioner that another position was created to perform the duties formerly performed by the petitioner and another person appointed to the new position. The statute, section 22 of the Civil Service Law, clearly indicates that a position held by a volunteer fireman may be abolished for economy reasons and the courts have consistently sustained such action. (*Matter of Edkins* v. *Wotherspoon*, 173 App. Div. 330; 174 App. Div. 901; *Matter of Blodgett* v. *Board of Supervisors of Co. of Monroe*, 246 App. Div. 188.)

The petitioner, as an exempt fireman, had certain rights even though the position which he held in the village service was abolished. Section 22 of the Civil Service Law provides that an exempt volunteer fireman holding a position which has been abolished " shall not be discharged from the public service but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective." In *Matter of Clancy* v. *Halleran* (263 N. Y. 258) the court at page 262, said: " Interpreting or enforcing the language of the above section, this court has held that, although the Civil Service Law (§ 22) requires a veteran employee to be transferred for duty in such position as he may be fitted to fill, there must be another position vacant to entitle him to a transfer. A public official is not obliged to discharge other employees in order to open a position for a veteran. * * * The burden of proving that another position exists, to which he can be transferred, and that he is able to fill it, rests upon the veteran." The petitioner has failed to offer proof as to any vacancy existing in the village service at the time of the abolition of his posi-

tion to which vacant position he might properly have been transferred. No protest or demand for enforcement of the petitioner's rights as a volunteer fireman was made by the petitioner until July 15, 1949, and he would not be entitled to be transferred to a vacancy which had been filled prior to that date. (*People ex rel. Robesch* v. *President of Borough of Queens,* 190 N. Y. 497; *Matter of Place* v. *Estabrook,* 252 App. Div. 874, 253 App. Div. 828, affd. 278 N. Y. 728.) The village is not required to discharge other employees in order that a vacancy be created to which a volunteer fireman, whose position has been abolished, may be appointed. (*Matter of Pielstiecker* v. *Livoti,* 175 Misc. 592, affd. 260 App. Div. 1043, leave to appeal denied 261 App. Div. 837, leave to appeal denied by Court of Appeals 285 N. Y. 860.) The petitioner having made a claim for reinstatement or transfer to some other position on July 15, 1949, is entitled to be appointed to any vacancy which he is fitted to fill for a reasonable time thereafter (*Matter of McNamara* v. *Holding,* 282 N. Y. 109, 110–112).

The petitioner has failed to establish his right to the relief sought herein and an order dismissing the petition may be entered, with $10 costs.