In the Matter of ANGELO CHICHISOLA, Petitioner, against JOHN W. JOHNSON, as Commissioner of Public Works, Respondent.

Supreme Court, Special Term, Albany County, July 29, 1955.

*Joseph Malone, Jr.,* for petitioner.

*Saul C. Corwin* and *Jack Goodman* for respondent.

MacAffer, J. This is an application under article 78 of the Civil Practice Act for an order directing the respondent to reinstate the petitioner as a laborer in the Department of Public Works.

The respondent has interposed objections in point of law asking for a dismissal of the petition on the ground that the petition does not state facts sufficient to entitle the petitioner to the relief asked or to any relief. The respondent has also interposed an answer, to which the petitioner has replied.

The respondent in urging his objections in point of law contends that the petitioner in his petition fails to allege that the respondent had knowledge or notice that the petitioner had the status of an exempt fireman.

The petitioner alleges that he has been employed in the Department of Public Works as a laborer in the Bureau of Highways in the County of Albany for the past three years and that such employment was terminated on April 6, 1955, by notice dated April 6, 1955. The petitioner alleges that since 1946, he has been a volunteer fireman in the town of Westerlo Volunteer Fire Company and attaches to his petition a volunteer fireman's exemption certificate issued April 12, 1955, by that fire company. The petitioner also alleges that he was not removed from his position for incompetency or misconduct and that no charges have been preferred against him and that no hearing has been noticed or held on his removal and that by reason thereof his discharge was a violation of section 22 of the Civil Service Law.

An examination of the petition, answer and reply reveals that the petitioner did not at the time of his employment nor at any time during his employment notify his superior that he was a member of a volunteer fire department and entitled to a certificate of an exempt fireman. The petitioner admits that he did not inform the Department of Public Works of his status as a fireman until more than seven days had elapsed following his discharge. The petitioner also admits in his reply that his employment was terminated as of April 6, 1955, by notice given to the petitioner on or about the 25th day of March, 1955, which is contrary to the allegation of the petition as to notice of termination on April 6, 1955.

The respondent contends that the petitioner, if he was entitled to the benefits accorded by law to exempt firemen, waived his right thereto by his failure to give notice to his employer of such status and assert his rights prior to his dismissal. The respondent cites in support of his position *People ex rel. Robesch*

v. *President of Borough of Queens* (190 N. Y. 497); *People ex rel. Lee* v. *Adamson* (171 App. Div. 655); *Matter of Morgan* v. *Smith* (224 App. Div. 203), and *Matter of Place* v. *Estabrook* (252 App. Div. 874, 253 App. Div. 828, affd. 278 N. Y. 728). The authorities cited sustain respondent's contentions.

The court reaches the conclusion that the objections in point of law must be sustained.

The petition is therefore dismissed, without costs.

Submit order.