In the Matter of CLARENCE K. BADMAN, Respondent-Appellant, against ALEXANDER A. FALK, as President of the Department of Civil Service and Civil Service Commissioner of the State of New York, et al., Appellants-Respondents.

Third Department, June 13, 1957.

*John J. Kelly, Jr.,* and *John T. DeGraff* for respondent-appellant.

*Jack Goodman* for Sharon J. Mauhs, Commissioner of Conservation of the State of New York, appellant-respondent.

FOSTER, P. J.  Respondent Conservation Commissioner appeals from an order of the Supreme Court which denied his motion to dismiss the petition herein and directed a trial of alleged issues of fact, petitioner cross-appeals from that portion of the order which directs a trial.

The proceeding is one under article 78 of the Civil Practice Act which sought a peremptory order directing the reinstatement of petitioner to the position of principal park superintendent in the New York State Conservation Department with back salary from the date of his dismissal. Petitioner was discharged without a hearing and without a finding of incompetency or misconduct.  The ground assigned for the relief demanded in this proceeding is that petitioner is an exempt volunteer fireman and could not be dismissed from employment

with the State except for incompetency or misconduct found after a hearing.

Petitioner entered the service of the Conservation Department on May 16, 1929 as a campsite construction foreman, a position in the competitive class of civil service. He held this position until April 1, 1950 when he was appointed to the position of principal park superintendent which was classified by the Civil Service Department in the noncompetitive class. He served in this position until his services were terminated either in April or May, 1955.

On April 21, 1955 petitioner received the first written notice that his appointment as principal park superintendent was to be terminated. This notice was in the form of a letter from a department personnel officer which informed him that he was to be "terminated effective at the close of business May 11, 1955." Previous to this and on March 8, 1955 petitioner in answer to a routine personal history query had stated that he was not an exempt volunteer fireman. This answer proved to be erroneous and apparently was made because petitioner was ignorant of his status at the time. However he obtained a certificate as an exempt volunteer fireman on April 18, 1955 and it is conceded that he brought his claim with regard to such status to the attention of the department on April 19, 1955, and also recorded a certificate on April 20, 1955 in the office of the Clerk of Warren County. In addition written notice of his claim to status as an exempt volunteer fireman was given to his immediate superior on April 20, 1955, and to the personnel officer of the department on April 27, 1955. Petitioner continued to reside in the official residence of the principal park superintendent furnished by the State and to perform some of the duties of that office until May 11, 1955. He was never served with charges alleging incompetency or misconduct and we find no contention in the record that his dismissal was effected for either of those grounds.

The foregoing facts are not disputed so far as we can find from the record. However the answer to the petition, which demanded reinstatement, denied petitioner's status as an exempt volunteer fireman and his right to protection as such. The answer also denied that petitioner's notification of his dismissal was on April 21, 1955, the date when he was formally notified in writing; and alleged that on the 4th day of April, 1955 petitioner was orally informed by his immediate superior that his service with the State was terminated on that date, and that petitioner should commence to liquidate his accrued annual leave which would extend through the 11th day of May,

1955. In addition the answer set up six affirmative defenses based on an alleged lack of knowledge of petitioner's claimed status; estoppel and waiver; that petitioner is not an exempt volunteer fireman by reason of the fact that his membership in the volunteer fire company claimed was never confirmed by the Town Board; that petitioner was not a resident of the territory immediately protected by the fire company and that he was never honorably discharged. A seventh affirmative defense was interposed by way of a supplemental answer to the effect that acceptance by petitioner of a discontinued service retirement allowance caused an abatement of the proceeding.

It is clear that if petitioner was actually an exempt volunteer fireman, and brought that fact to the attention of the department prior to the termination date of his services, or perhaps within a reasonable time thereafter, he could not be lawfully removed from his position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges (Civil Service Law, § 22, subd. 1). While perhaps not wholly decisive the termination date of petitioner's employment with the department has considerable significance. Upon the undisputed facts we think that date must be fixed as of May 11, 1955 (*Matter of Blitz* v. *Corsi,* 275 App. Div. 1015, affd. without opinion 302 N. Y. 573). It is true that petitioner, if he claimed a preferred status was bound to bring that fact to the attention of the department (*People ex rel. Robesch* v. *President of Borough of Queens,* 190 N. Y. 497). The record establishes beyond dispute that petitioner did bring to the attention of the department prior to May 11, 1955 the fact that he claimed to be an exempt volunteer fireman. The fact that he had erroneously answered a query in that regard some time before would not constitute an estoppel or a waiver. The department was not prejudiced because the successor named to petitioner's position did not take over his duties until the 12th of May, 1955 according to an allegation contained in the answer of respondent.

The attack upon petitioner's claim to the status of an exempt volunteer fireman on the basis that his membership was never confirmed by the Town Board is without substance. The proof is that no members of that particular fire company ever had their membership confirmed by the Town Board for the years in question, but in any event such omission was cured by statute (Membership Corporations Law, § 115). The attack upon petitioner's status as an exempt volunteer fireman on the basis that he was not a resident of the territory immediately protected by the fire company is equally without substance. The

certificate as an exempt volunteer fireman which petitioner obtained is presumptive evidence of the facts therein stated (General Municipal Law, § 202), and the affidavits of the fire company's officers, past and present, leave no room for a triable issue of fact as to whether petitioner was honorably discharged or whether he was not in good standing at the time he applied for his certificate.

Respondent's supplemental answer alleges that petitioner's acceptance of a discontinued service retirement constituted a waiver and worked an abatement of the proceeding. Petitioner applied for this form of retirement on September 26, 1955 which was long after this proceeding was at issue. He had been dropped from the State payroll on May 11, 1955 and was entitled to a small retirement allowance based on this fact. In our opinion this is not evidence of a waiver and petitioner had the right to apply for and accept this allowance pending the determination of this proceeding. The wisdom of his choice, ironically enough, is made apparent by the fact that the proceeding reaches this court some two years after his dismissal.

The Special Term felt some controlling issues of fact were involved which could not be properly determined upon affidavits. We are constrained to disagree with this conclusion. Undoubtedly there are some fringe issues of fact involved but we do not regard them as of decisive significance. Upon the undisputed facts we think petitioner made out a case for a peremptory order granting the relief sought.

The order appealed from should be reversed insofar as a trial of issues of fact is directed, and a peremptory order granting the relief sought in the petition should be made, with $50 costs and disbursements in favor of the petitioner.

BERGAN, HALPERN and GIBSON, JJ., concur.

Order reversed, on the law and the facts, insofar as a trial of the issues of fact is directed, and a peremptory order granting the relief sought in the petition granted, with $50 costs and disbursements in favor of the petitioner.