Chief Judge Desmond.
The law questions on this appeal are: first, as to the constitutionality of the below-quoted ordinance enacted on September 11, 1962 by the Rochester City Council; and, second, if it be held constitutional, as to the character and extent of the inquiries and other procedures the City Manager must make or take before deciding as to appropriate units and before recognizing bargaining agents.
“ § 3-24. Recognition of union of city employees. The City Manager is hereby authorized to recognize a duly organized union or employee organization as the bargaining agent for an appropriate unit of city employees upon submission- to him of satisfactory proof that said union or organization is representative of the unit. Such recognition shall be extended to unions or organizations, provided such unions or organization do not hinder or impede the administration of government of the City of Rochester.
*164 ‘ ‘ Upon recognition of a union or employee organization, the City Manager is authorized to engage in negotiations with said recognized union or organization and to execute a collective bargaining agreement concerning wages, hours and all other conditions.
“ Section 3. This ordinance shall take effect immediately.”
This article 78, Civil Practice Act, proceeding was commenced on September 26, 1962 by officers and members of the Civil Service Employees Association, Inc., a State-wide organization of more than 100,000 public employees, of whom some 750, it is said, are employees of the City of Rochester. The petition alleges that some months before the passage of the ordinance the Association made a request to the Rochester city officials for payroll deductions as to the Association’s members in city employ (see General Municipal Law, § 93-b), which request was denied. A few days before the passage of the ordinance petitioners, so they allege, repeated the same request and asked also that their Association be recognized as a bargaining representative of such of its members as work for the city. The petition says that the Rochester city administration ignored these requests and that, instead, the City Council in August, 1962 passed a resolution reciting that an APL-CIO union had presented evidence of membership in its union of a majority of city employees other than firemen, policemen and managerial personnel and recommending that appropriate legislation be introduced to “limit recognition” to proper representative labor unions in matters concerning wages, hours and working conditions. This resolution was followed by the passage (over the protest of petitioners’ Association) of the September ordinance which seems not to be limited to recognition of labor unions since it refers to “ employee organizations ” also. The petitioners in this proceeding go on to say that a few days after the enactment of the ordinance the City Manager wrote to the Association requesting submission to him of such information as petitioners might deem necessary so that he would be in a position to make a determination in the matter of representation, etc. Petitioners did not submit such evidence but brought the present proceeding asserting that the ordinance is unconstitutional as constituting a delegation of legislative power without standards.
*165 The prayer of the petition is that the City Manager he enjoined from recognizing any union or employee organization and (we suppose alternatively) that he be directed to provide for petitioners opportunities equal to those of other employee organizations to organize the employees of the City of Rochester. From the petition and petitioners’ brief, its contentions seem to be: first, that the statute is unconstitutional on its face for lack of standards; and, second, that the City Manager’s alleged favoritism to a particular union is discriminatory and against public policy. The city’s answer took these positions: that petitioners show no right to article 78 relief, that the City Manager under the City Charter (§§ 31, 54) already had power to appoint all subordinate employees and subject to budget appropriations by the Council to fix their wages and working conditions, that the September 11, 1962 ordinance contains sufficient standards, that the City Manager has not in any way interfered with the efforts of the Association to recruit members among Rochester city employees, and that none of the respondents have acted arbitrarily or illegally in the premises.
Special Term dismissed the petition, finding that the ordinance was entirely valid and that petitioners had shown no grounds for relief. The court, however, granted petitioners a stay pending appeal to the Appellate Division. This stay continued in effect until the Appellate Division on October 16,1962 unanimously and without opinion affirmed the Special Term order. Petitioners promptly took an as-of-right appeal to this court (Civ. Prae. Act, § 588, subd. 1, par. [a]) claiming the presence of a constitutional question as to standards, delegation, etc. Petitioners then moved before a Judge of this court for a stay pending-argument of the appeal but before that application was heard the City Manager on October 31,1962 signed a collective bargaining agreement with the AFL-CIO union. This agreement runs for about two years and provides for some pay increases and for deduction of union dues from wages. Petitioners tell us that they had demanded that an election be held which demand was not complied with, also that the City Manager has not disclosed the bases on which he chose the union as bargaining- agent for all the city employees, except the policemen, firemen and managerial personnel.
The September 11 ordinance is not invalid for lack of prescribed standards. It is true that it contains no instructions *166 to the City Manager as to how to determine ‘ ‘ an appropriate unit ” or how he shall decide which organization is the appropriate “ bargaining agent ” for that unit. However, a requirement of fairness and reasonableness is to be implied and we should read the law as meaning that such determinations by the City Manager are to be made after reasonable inquiry into the facts, including the right of interested organizations to be heard and requiring an even-handed choice among the contenders. It is impossible at this time to spell out exactly what procedures the City Manager should adopt for these purposes and we cannot deny to him a measure of discretion. However, he has not disclosed the bases on which he designated the unit and the bargaining agent. He tells us that petitioners refused to come forward with proof as to the number and names of the employees who wished the Association to represent them. The Association’s answer to this is that it wanted to be heard as to the ‘ ‘ appropriate unit ’ ’ and demanded an election within that unit or at least a hearing as to the choice of a bargaining agent for the unit. The Association and the union each have numbers of payroll deduction authorization cards signed by Eochester city employees but it is not clear that the employees, in signing these cards, were thereby necessarily indicating their choices as to bargaining agents.
This petition asked for mandamus-type relief only. However, after the Appellate Division affirmance the City Manager, as is conceded and as is now a matter of public record, by signing a collective bargaining agreement with the unit made a final determination (see Civ. Prac. Act, § 1285) of a kind reviewable by proceedings in the nature of certiorari. ‘ ‘ Distinct remedies ” no longer control us (Civ. Prac. Act, § 1284). As has been done before by other courts (see Civ. Prac. Act, § 111; Matter of O’Brien v. New York State Teachers’ Retirement Bd., 215 App. Div. 220, affd. 244 N. Y. 530; Matter of Radcliffe v. Livingston, 223 App. Div. 862; Matter of Morgan v. Smith, 224 App. Div. 203) we may now treat this proceeding as one for certiorari review. Accordingly, we should send it back to Special Term for a trial to determine by what process and steps the City Manager decided on the unit and recognized the bargaining-agent and whether those procedures were fair and reasonable and whether they were taken with due regard to the claims of petitioner and the rights of the city employees.
*167 The order should be reversed, without costs, and the matter remitted to Special Term for further proceedings not inconsistent with this opinion.