In the Matter of the Application of ERIC J. LAKE, Petitioner, for an Order against JOHN J. BENNETT, JR., Attorney-General of the State of New York, GRACE A. REAVY and Others, Civil Service Commissioners of the State of New York, and MORRIS S. TREMAINE, Comptroller of the State of New York, Defendants.

Supreme Court, Special Term, Albany County, February 1, 1940.

162

*John T. DeGraff,* for the petitioner.

*John J. Bennett, Jr., Attorney General [Henry Epstein, Solicitor-General,* of counsel], for the defendants.

BERGAN, J. In November, 1935, the Court of Appeals in *Matter of Sanger* v. *Greene* (269 N. Y. 33) held that the right of seniority among employees in the same salary grade of the civil service is conditioned by the nature of the duties performed by the several employees in that grade. Seniority rights yield, it was said, where the duties of the positions within the grade are not the same (p. 44). This view was reiterated in *Matter of Brown* v. *Greene* (269 N. Y. 45), decided at the same time.

The first problem presented here is whether legislative enactments subsequent to these decisions, and administrative determinations in pursuance of the authority of such enactments, have so fully and precisely classified employees in various grades of the service in respect of the similarity of duties performed as to be conclusive, or whether the question of the identity or substantial similarity of duties within grades and classifications of the service is still an open one, in any given case arising from a claim of seniority, for judicial determination.

The discussion of this problem will assume a fact denied by the defendants, that the petitioner and the two employees in the Department of Law, Ryan and Wiedersum, over whom petitioner claims seniority, are in the competitive class of the civil service and that they are in the same service and grade (Service 7, grade 5, as defined by Civil Service Law, § 40).

While the petitioner concedes that one who claims seniority must "show a similarity between his position and the position of the one over whom he claims seniority," he urges that this burden has been met when it is shown that there is identity in salary grade, title and classification as made by the Civil Service Commission. The test is, as it was held in the *Sanger* case, whether the duties of the position are the same. Unless the conclusion must be reached that the classification of the positions of the petitioner, and of Ryan and Wiedersum in the same service and grade by the Department of Civil Service necessarily and conclusively determined the identity or substantial similarity of their duties, the question of seniority remains open for judicial determination in this proceeding.

I think that the administrative determination is not conclusive. Section 2 of chapter 859 of the Laws of 1937, relied upon by the petitioner, requires no such result. It merely ratifies all "existing civil service titles." It preserves the status and rights of an employee holding a position "under a title" different from that held before July 1, 1932, as though he had been originally appointed under such different title. Nor is the general language of legislative purpose found in section 4 of that act, as amended, helpful in reaching the conclusion urged by the petitioner. It directs that the principle of equal pay for similar work shall be followed in making allocations.

If undeviating adherence to the principle be presumed, it could not result in the conclusion that the "similar work" for which equal pay is to be given under a principle applied universally through all the branches of the service of the State could have any conclusive effect on the similarity of duties in all the branches of the service receiving "equal pay." The further direction of this section that all positions having "the same title" as approved by the Classification Division of the Department of Civil Service "shall be allocated to the same grade" is to be considered only in the light of the power of the division to establish and allocate titles.

The power and duty is vested in the Classification Division (Civil Service Law, § 47) to "assign uniform titles" to positions that are so substantially similar in the character and scope of duties "that the same descriptive title may be used to designate them." These powers and duties are, perhaps, primarily designed to carry into operation the purpose of the statute of 1937, as amended, to provide equal pay for similar work.

The assignment of such a uniform and descriptive title to a group of positions under such general authority is not conclusive upon the question of the identity of duties of all positions within the descriptive titles assigned for the purpose of determining seniority.

Certainly the statute does not expressly work such a result, nor is such a conclusive effect to be implied in respect of seniority, from the delegation of a power to assign titles. This delegation by the Legislature must have been written with the *Sanger* case before it. The statute is, nevertheless, silent on the effect upon seniority of such an assignment of titles.

I conclude that the delegation of the mere power to assign descriptive titles to groups of positions deemed by the Classification Division to be similar in duty is not binding upon the court in a case involving seniority where evidence clearly indicates that the duties of the person claiming seniority are not the same as the duties of a person retained in the service. Upon such an inquiry the determination of administrative officers charged with the duty of classification of titles will, of course, be given due weight with other facts in relation to the duties performed.

The determination may be treated *prima facie* as sufficient to establish such identity of duty, and accordingly I regard the petition as sufficient on its face. Under the pleading of the defendants an issue is clearly raised, and is available to them, that petitioner's duties and those of the employees he seeks to replace are not the same or substantially similar.

A further issue of fact arises which may not be determined summarily. This is the issue of the status in the competitive class of the petitioner and the two other employees whose seniority is questioned. The roster cards indicate that Ryan was placed in the competitive class in 1936 and Wiedersum in 1927, and that the petitioner has been in this class since the beginning of his service in 1911. The 1939 payrolls indicate a similar status for Ryan and Wiedersum.

Yet proof of official action of the Civil Service Commission fixing the status of the precise positions they hold, and, indeed, of the precise position last held by the petitioner in the competitive class is far from conclusive from the additional affidavit furnished by the petitioner. Accordingly, this issue as framed by the petition and answer remains to be tried.

Petitioner's motion for the relief sought in the petition denied.

Defendants' motion to dismiss the petition denied.

No costs. Order to be submitted by February 2, 1940.