In the Matter of the Application of KENELM R. THACHER, Respondent, for an Order Pursuant to Article 78 of the Civil Practice Act, against MARTIN P. CATHERWOOD, Commissioner of Commerce of the State of New York, and Others, Appellants.

Third Department, March 4, 1942.

*John J. Bennett, Jr.*, Attorney-General [*Bernard L. Alderman* and *Patrick H. Clune*, *Assistant Attorneys-General*, of counsel], for the appellants.

*DeGraff & Foy* [*John T. DeGraff* of counsel], for the respondent.

SCHENCK, J.   Petitioner commenced this proceeding pursuant to article 78 of the Civil Practice Act for an order in the nature of peremptory mandamus directing respondents to transfer, reinstate or appoint him as senior information service reporter in the Bureau of Publicity in the Division of Commerce.   The court below held that there were triable issues of fact involved, and directed the said issues to be tried at an Equity Term of the Supreme Court held in and for the county of Albany.   The order also denied respondents' motion to dismiss the petition.   This appeal is taken from that part of the order denying motion to dismiss.

In 1936 petitioner passed a competitive civil service examination and pursuant thereto received a permanent appointment as State publicity administrative officer in the Bureau of State Publicity, Department of Conservation.   He served in this capacity until November 15, 1940, when he was suspended through no fault of his own, but solely as a result of reduction in the appropriation for his department.

Six months later a new division, known as the Division of Commerce, in the Executive Department, was created.   In that division provision was made for a Bureau of Publicity which included a position which petitioner contends is identical to that which he formerly held.   Under section 31 of the Civil Service Law, petitioner was entitled to reinstatement to the same or any similar position before any person on any other civil service list.   In addition, as a World War veteran, he had the right, under section 22 of the Civil Service Law, to be transferred to any position he is entitled to fill.   Despite these provisions, however, he was not appointed to the new position.   Respondents now contend that the new position and that formerly held by him are dissimilar.

This contention, instead of being a basis for dismissal, clearly indicates a triable issue.   Accordingly, the order directing trial before a court of equity should be affirmed.

HILL, P. J., BLISS, HEFFERNAN and FOSTER, JJ., concur.

Order affirmed, with fifty dollars costs.