In the Matter of WILLIAM J. SCHOTTKE et al., Appellants, against THOMAS W. H. JEACOCK et al., Constituting the Erie County Department of Social Welfare, et al., Respondents.

Fourth Department, May 16, 1945.

James O. Moore for appellants.

Ralph A. Lehr, County Attorney (Elmer R. Weil, Assistant County Attorney of counsel), for respondents.

LARKIN, J. Prior to January 1, 1942, the six petitioners, all veterans, held positions in the competitive class of the civil service in the Veterans Bureau of Erie County. On November 25, 1941, they were notified by the respondent, Commissioner of Social Welfare of that County, that owing to a decrease in

the number of home relief cases, and in the interest of economy, it was necessary to reduce the number of positions in the entire department for the year 1942, and that therefore their positions were being abolished as of December 31, 1941, and that each would be deemed suspended without pay and his name entered upon a preferred list for reinstatement in the event a vacancy occurred. As originally instituted by this proceeding under article 78 of the Civil Practice Act, they sought to restrain such action on the part of the Commissioner. When the matter was presented to the Special Term, that court and the parties seem to have treated the application as one in the nature of mandamus to compel the Commissioner to reinstate petitioners, because the positions which they occupied had not, in fact, been abolished, but petitioners had merely been suspended and their places filled by the transfer from other departments, particularly the bureau of home relief, of civil service employees holding positions under the same, or substantially the same title. who were senior in civil service standing to these petitioners. The briefs and the manner of presentation of the appeal, although such fact does not clearly appear in the record, indi cate that such transfers were made. No right of the petitioners under section 22 of the Civil Service Law is involved, since that section does not override section 31 of the same statute as to seniority rights (*Matter of Clancy* v. *Halleran*, 263 N. Y. 258; *Matter of Wolf* v. *Delaney*, 266 N. Y. 262; *Matter of McNamara* v. *Holling*, 282 N. Y. 109), but merely the question of whether, under section 31, the transfers were authorized.

The claim advanced by petitioners that the Veterans Bureau of Erie County is a separate and distinct department, and not a mere division of the Department of Social Welfare of that County, cannot be sustained by anything which appears from the papers submitted on this application. Subdivision 20 of section 2 of the Social Welfare Law defining public assistance and care specifically includes veteran assistance. By section 62 of the same statute, subject to exceptions not pertinent to the questions involved, every public welfare district is mandated to furnish public assistance and care to any person, in need of same, who is unable to provide for himself, except those for whom the State is responsible. Erie County is a public welfare district. (Social Welfare Law, § 61, subd. 3.) In addition to furnishing such assistance outside the city of Buffalo prior thereto, since the 16th day of March, 1938, the County of Erie has assumed responsibility for veteran assistance, formerly furnished by that City, to veterans resident thereof. (See

L. 1938, ch. 28, as amd. by L. 1938, ch. 330; L. 1938, ch. 336.)
The administration of all public assistance and care which
Erie County is, or has, by resolution of its Board of Super-
visors, obligated itself to furnish, is under the general
supervision of the Commissioner of Social Welfare of the
County, duly appointed by the County Board of Social Welfare.
By resolution, and particularly by the making of appropriations
for public assistance and care, the Board of Supervisors has
recognized and treated the Veterans Bureau as one of the
divisions of the Department of Social Welfare. Apparently it
has been so treated by the State Department of Social Welfare.
The Civil Service Law and the rules of the Civil Service Com-
mission have been extended to all employees within this depart-
ment. Seemingly, at least as far as the moving papers disclose,
the Civil Service Commission, also, has recognized the whole
department, including the Veterans Bureau, as a single unit. It
is conceded that, at least since March 16, 1938, no veteran organi-
zation specified in title 3 of article 5 of the Social Welfare Law
has sought, pursuant to section 173 of the same statute, the right
to administer veteran assistance within Erie County. Under
such circumstances the only present feasible and practical way
to furnish that assistance is through the County Commissioner
of Social Welfare. Impliedly at least, Erie County as a welfare
district is directed so to do by the Social Welfare Law. Peti-
tioners' argument that the intention of the Legislature in
enacting laws for veteran assistance was that it should be
administered to veterans by veterans only, is not borne out by
an examination of the various legislative enactments. Indeed,
such an administration would be impossible of securing, with-
out a change in the eligibility of those permitted to take the
examination for competitive positions in any branch of the
public service which might be engaged in furnishing that form
of assistance. Impressive, therefore, as petitioners' argument
on this question may be, fortified, as it is, by a strong historical
background, and conceding, as we must, that public assistance
to veterans does not stand on the same basis as public assistance
by organized society to those who may, through misfortune or
otherwise, be in need, nevertheless, on the papers herein sub-
mitted, no other conclusion seems permissible than that the
Veterans Bureau of Erie County is not an independent unit,
but rather a division of the entire County Department of Social
Welfare.

There is still inherent and must be determined whether the
transfers — a fact which, as already noted, is not definitely

shown but which is assumed from the briefs and the course of the argument — which have been made, of others holding positions under the same or similar titles to those occupied by the petitioners and in the same salary grade as the petitioners, but employed in other bureaus within the department, were justified, under section 31 of the Civil Service Law. (*Matter of Albert* v. *Board of Education*, 264 N. Y. 613.) As pointed out in *Matter of Sanger* v. *Greene* (269 N. Y. 33), the seniority rights accorded by this section do not cut across the entire salary grade, but apply to those only within the salary grade performing the same, or substantially the same duties. There is nothing in *Matter of Albert* v. *Board of Education* (*supra*) holding to the contrary, because in that case there was a specific finding of similarity of duties. While it is true that those claiming to have been transferred from the other bureaus to the positions occupied by the petitioners, held, in such bureaus, positions under the same title, and indeed, took examinations for entrance to which the requirements were the same as those taken by petitioners in the examination to create a list for appointments to the veterans bureau, still those facts are not necessarily conclusive. The respondents specifically allege that the duties performed by the transferees were exactly the same as those performed by the petitioners. This is denied in the replying affidavits of the petitioners, treated by the parties as a reply under section 1292 of the Civil Practice Act. Moreover, petitioners' denials of similarity are fortified by statements of fact, and also rather significantly by the difference in character of the questions propounded to those taking the examination in 1938, as the result of which a list was made for appointments to bureaus other than the Veterans Bureau, from that of the questions propounded in the examination of 1939 to applicants for positions in the Veterans Bureau. It seems reasonably clear from the moving papers, despite the contrary inferences which might seem permissible from a reading of the opinion in *Matter of Ackerman* v. *Kern* (281 N. Y. 87), that before a final order can be made in this case a question of fact is presented which must be determined, namely, whether those transferred from other bureaus within the department to the positions formerly occupied by the petitioners were performing the same, or substantially the same duties as were the petitioners. (*Matter of Thacher* v. *Catherwood*, 263 App. Div. 484; *Matter of Lake* v. *Bennett*, 173 Misc. 161.)

For the foregoing reasons the order should be reversed and the matter remitted to the Special Term, Part II, of the Supreme

Court, Erie County, for the trial of causes without a jury, no demand having been made for a jury trial. In making this determination it is assumed that the specific positions were not actually abolished but that transfers have been made, on the basis of departmental seniority. Of course, if the positions held by petitioners have not been filled by transfers, then petitioners have no standing. Since there must be a trial of the issue as to similarity of positions, and it is possible that the parties may be able to establish facts, other than those shown by the moving papers, on such trial the Special Term should receive any testimony offered by the parties as bearing on the question whether the Veterans Bureau is a separate and distinct unit. On that question resolutions of the Board of Supervisors and any action of the Civil Service Commission would be pertinent. The order should be reversed, without costs, and the matter remitted to the Special Term to take proof and make findings in accordance with this opinion.

The appeal from the order entered March 6, 1942, should be dismissed as academic in view of the decision on the appeal from the order entered February 16, 1942.

All concur. Present — TAYLOR, P. J., DOWLING, HARRIS, LARKIN and LOVE, JJ.

Order reversed on the law, without costs of this appeal to any party, and matter remitted to the Special Term for further proceedings in accordance with the opinion. Appeal from order entered March 6, 1942, dismissed as academic in view of the decision on the appeal from the order entered February 16, 1942.