In the Matter of HERBERT L. BRICKMAN, Appellant, against ROBERT F. WAGNER, as Mayor of the City of New York, Respondent.

MEMORANDUM BY THE COURT. Petitioner wholly failed to meet and overcome the overwhelming documentary proof indicating he was the director of the city veterans' service agency at the times in question and not a subordinate employee, and, accordingly, the provisions of section 22 of the Civil Service Law do not apply.

The order should be affirmed, with $20 costs and disbursements to the respondent.

COHN, J. (dissenting). Petitioner was summarily dismissed from employment by the City of New York as director of the city veterans' service agency. As a disabled war veteran he may be dismissed only after a hearing upon due notice and upon stated charges, provided that he is a subordinate employee and not the head of a department (Civil Service Law, § 22). He alleges that the agency, specified by section 357 of the Executive Law, was to have a single director and that he received an appointment as one of an unlimited number of directors of veterans' activities employed by the City of New York; that his position was duly classified by the municipal civil service commission, approved by the State Civil Service, as within the noncompetitive class of the classified civil service; and that as such a director he was in the classified civil service, not the head of a department.

Respondent urges that petitioner was in fact the head of a department and as such was not entitled to the protection of section 22 of the Civil Service Law; and also that petitioner at no time took and filed the statutory oath of office and for that reason his appointment never ripened into legal existence.

Whether petitioner ever took an oath of office as required by statute, and whether he was the head of a department, or as he asserts merely a subordinate employee in the Mayor's department, supervising personnel engaged in veterans' activities are issues of fact which should not be summarily decided but should be resolved by a trial before a jury. (Civ. Prac. Act, § 1295; *Matter of Demilio* v. *Lounsbery*, 275 App. Div. 979; *Matter of Thacher* v. *Catherwood*, 263 App. Div. 484.)

The order should accordingly be reversed by directing an alternative order to issue and the matter should be remitted to the Special Term for a jury trial of all the issues of fact raised by the pleadings.

Dore, J. P., Breitel, Bastow and Botein, JJ., concur in Memorandum by the court; Cohn, J., dissents and votes to reverse in opinion.

Order affirmed, with $20 costs and disbursements to the respondent.